CHARLES L. BURNHAM *vs.* ULYSSES G. HASKELL.

Essex.    November 6, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Practice, Civil,* Dismissal for lack of prosecution. *Superior Court. Rules of Court.*

If, under Rule 60 of the Superior Court, which provides for a calling of the civil docket after notice to parties and that "all suits which have remained without action for two years may be dismissed," such a suit is called and by order of the presiding judge the docket entry is made, "April sitting or dismissed," there is

no absolute dismissal of the suit, and, if no further order of dismissal is made and the parties by mutual consent with the approval of the court postpone the trial of the case beyond the April sitting, the case remains pending during such postponements.

TORT for conversion. Writ in the First District Court of Essex dated October 28, 1905.

On appeal to the Superior Court the case was entered on the first Monday of March, 1907, and remained without action until December 23, 1910. Previous to the December, 1910, sitting of the court in Essex County, the clerk gave notice of a calling of a portion of the civil docket under Rule 60 of the court on December 23.

Rule 60 of the Superior Court reads as follows: "The civil docket or such part thereof as the court shall direct, shall be called in each year, and after such notice, by publication, or otherwise, as the court may determine, all suits which have remained without action for two years may be dismissed, unless cause is shown to the contrary."

On December 23, the case was called and the presiding judge ordered the docket entry to be made, "April sitting or dismissed." The case was not disposed of during the April, 1911, sitting. At the request of the plaintiff it was placed on the trial list for the December, 1911, sitting, and, after it was called for trial at that sitting before *Fessenden*, J., and after one juror had been drawn, the defendant refused to proceed with the trial on the ground that the case had been dismissed.

The judge ruled that the order of December 23, 1910, meant "that the case was to be disposed of during the April, 1911, sitting, or dismissed," and found the following facts: The case was on the trial list for April, 1911. During that sitting the case was postponed from time to time by agreement of parties. At times the plaintiff might have been non-suited for failure to appear but that the defendant allowed the case to stand, and at times the defendant might have been defaulted for failure to appear and the plaintiff allowed the case to stand. The case was not disposed of during the April sitting. It was placed upon the trial list for the November, 1911, sitting. During November, 1911, the case, having been reached, by agreement of both parties was postponed until a certain day thereafter. Later, the case having come on

to be tried, both parties agreed that it might be postponed until a certain day if the presiding judge approved. The judge approved this last postponement. Solely upon the foregoing findings and not otherwise the judge found that the parties had treated the case as if it had not been dismissed, and that there was no record other than that of December 23, 1910, that it had been dismissed. Accordingly the parties were directed to proceed with a trial, both sides being present with their witnesses.

There was a verdict for the plaintiff; and the defendant alleged exceptions.

The case was submitted on briefs.

*A. P. White*, for the defendant.

*E. M. Sullivan & G. H. W. Hayes*, for the plaintiff.

BRALEY, J. The order entered at the calling of the docket was provisional, that if not tried at the next April sitting the case should be dismissed. It appears from the memorandum of decision, which is conclusive as to the facts, that although put on the trial list, yet when reached the case was postponed by the parties, and, not having been disposed of, it was placed on the trial list for the following November sitting. When reached at this sitting after having been twice continued to a day certain by agreement of parties and with the approval of the court, the plaintiff recovered a verdict.

The defendant contends, that under the order of dismissal and Rule 23 of the Superior Court the case went to judgment on the first Monday of July, 1911. *Shawmut Commercial Paper Co.* v. *Cram*, 212 Mass. 108. But the dismissal was not absolute, and with the approval of the court the parties treated the case as still pending from sitting to sitting. The order of dismissal consequently did not become automatically operative, and, as the presiding judge at the request of the plaintiff could order the case tried, no error of law is shown. *Karrick* v. *Wetmore*, 210 Mass. 578.

*Exceptions overruled.*