### FRANK SHOUR *vs.* CHARLES C. HENIN.

Hampden.    September 22, 1921. — January 14, 1922.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Judgment. Practice, Civil,* Vacating judgment, Motion to set aside verdict. *Bond. Waiver. Estoppel.*

An action of contract, which was begun by a writ dated May 5, 1913, was referred to an auditor who held hearings, some of which were within two years previous to October 2, 1916.    On that date the action was dismissed under Rule 63 of the Superior Court and an entry was made upon the docket of that court, "dismissed, no action." *Held,* that the dismissal of the action on October 2, 1916, was a final judgment in the case.

A petition was filed on May 11, 1917, to vacate a judgment entered in an action of contract in the Superior Court on October 2, 1916, dismissing the action under Rule 63 of that court. The ground of the petition was that hearings had been held before an auditor within two years previous to the date of dismissal. The petition was allowed but no bond was filed as required by R. L. c. 193, § 17, G. L. c. 250, § 17. *Held,* that the petition was seasonably filed and was sufficient in substance to warrant the favorable action of the court, which was largely discretionary.

In an action of contract where, in May, 1917, a petition to vacate a judgment dismissing the action under Rule 63 of the Superior Court entered on October 2, 1916, was allowed but the bond required by R. L. c. 193, § 17, G. L. c. 250, § 17, was not filed and thereafter a rule to an auditor, to whom the action was referred in 1914, was discharged, a motion by the plaintiff for a jury trial was allowed, a trial by jury was had and a verdict was rendered for the plaintiff on March 11, 1921. The defendant three days later filed a motion to set the verdict aside on the ground that the judgment of October 2, 1916, had never been vacated because no bond had been filed. *Held,* that

· (1) If objection to the failure to file the bond, or to the entry of the order of vacation of judgment before the filing of the bond, had been taken seasonably, it would have been necessary to reverse that action of the court and to remand the action to the Superior Court for further proceedings;

(2) There is no limit of time set in R. L. c. 193, § 17, G. L. c. 250, § 17, for the filing of the bond, provided the petition to vacate the judgment is seasonably filed;

(3) It *would seem* to be within the power of the court to approve the bond *nunc pro tunc* as of a time previous to the proceedings taken by the parties without objection after the entry of the order vacating the judgment;

(4) The defendant by his conduct in going forward with the trial had waived the right to complain of the failure to file the bond so far as it was possible for him to do;

(5) The conduct of the defendant in going forward with the trial by jury without objection had gone far toward estopping him from raising the question of failure to file a bond;

(6) If the motion were granted and all intervening proceedings were set aside, the Superior Court still would have jurisdiction of the petition to vacate the judgment of October 2, 1916;

(7) The motion to set aside the verdict should be denied.

No matter can be raised as of right on a motion to set aside a verdict if it might have been presented at the trial.

CONTRACT to recover a balance alleged to be due under a building contract. Writ dated May 5, 1913.

In the Superior Court in 1914, the action was referred to an auditor. On October 2, 1916, the action was marked on the Superior Court docket "dismissed, no action." In May, 1917, a petition to vacate the judgment was allowed without the filing of a bond. In January, 1920, the rule to the auditor was discharged because no report had been filed. In April, 1920, a motion filed by the plaintiff for a jury trial was allowed. On March 11, 1921, the action was tried before *King*, J., and the jury returned a verdict for the plaintiff in the sum of $9,117.96.

On March 14, 1921, the defendant filed a motion to set the verdict aside on grounds which are described in the opinion. The defendant made the following requests for rulings:

"1. The entry of October 2, 1916, was a final judgment.

"2. There is no evidence that a bond was filed as required by law before the entry of May 11, 1917, was made.

"3. The order of May 11, 1917, that the judgment be vacated and the case brought forward was unwarranted and void.

"4. The judgment entered on October 2, 1916, is still in full force and effect.

"5. The allowance of the motion of the plaintiff for a jury trial was illegal and void.

"6. The verdict rendered by the jury could not legally be rendered, is void, and of no effect."

The judge reserved and reported the action and all questions of law arising thereon to this court for its determination.

*J. B. Ely,* (*J. Dearborn* with him,) for the plaintiff.

*W. G. Brownson,* for the defendant, submitted a brief.

RUGG, C. J. This is an action of contract. The writ is dated May 5, 1913. In March, 1914, the case was referred to an auditor. Hearings were held before him, some of them within two years prior to October 2, 1916. On that date the case was marked on the Superior Court docket "dismissed, no action." On May 11, 1917, petition was filed to vacate the judgment on the ground that the order of dismissal was erroneously entered because hearings had been held before the auditor within two years. There was a hearing upon this petition on its merits, where it appeared that counsel for the defendant was present and told the presiding judge that it was true that hearings had been held by the auditor within two years previous to October 2, 1916. The petition to vacate judgment was allowed. No bond was filed. In January, 1920, the rule to the auditor was discharged. In April, 1920, a motion by the plaintiff for trial by jury was allowed. A trial by jury was had and verdict rendered for the plaintiff on March 11, 1921. Three days later the defendant filed a motion to set the verdict aside on the ground that the judgment of October 2, 1916, had never been vacated, because no bond had been filed, and hence that all subsequent proceedings were void. Up to the filing of this motion on March 14, 1921, the record fails to disclose any objection on the part of the defendant to the proceedings.

The dismissal of the action on October 2, 1916, was a final judgment in the case. It could be vacated or set aside only on some proceeding authorized by law. *Karrick* v. *Wetmore,* 210 Mass. 578.

The mode provided by law for setting aside a judgment is found in R. L. c. 193, §§ 14–20, G. L. c. 250, §§ 14–20.

The petition in the case at bar was seasonably filed. It was sufficient in substance to warrant the favorable action of the court,

which is largely discretionary. *Marsch* v. *Southern New England Railroad,* 235 Mass. 304, 305. No bond was filed as required by § 17. Both parties proceeded to further steps in the litigation as if the bond had been filed. If objection had seasonably been taken to failure to file the bond, or to the entry of the order of vacation of judgment before the filing of the bond, it would have been necessary to reverse that action of the court and remand the case to the Superior Court for further proceedings. *Davis* v. *National Life Ins. Co.* 187 Mass. 468. It then would have been within the jurisdiction of that court to approve a proper bond and to vacate the judgment. The hearing would still be open for that end. There is no limit of time set in § 17 for the filing of the bond provided the petition to vacate the judgment is seasonably filed. *Hunt* v. *Simester,* 223 Mass. 489. Doubtless, where the circumstances warrant, as seemingly they do in the case at bar, it would be within the power of the court to approve the bond *nunc pro tunc* as of a time prior to the proceedings taken by the parties without objection subsequent to the entry of the order vacating the judgment. *Perkins* v. *Perkins,* 225 Mass. 392.

There is no occasion for such circuity of procedure. The case now has advanced to a verdict and apparently will be ripe for judgment immediately upon the decision of the point here reported. The verdict is in favor of the plaintiff and hence the bond will be of no practical value to the defendant. It does not appear that he is in a position to take any benefit from the bond. The defendant by his conduct in going forward with the trial has so far as is possible for him waived the right to complain of the failure to file the bond. *Wheeler & Wilson Manuf. Co.* v. *Burlingham,* 137 Mass. 581. *Bauer* v. *International Waste Co.* 201 Mass. 197. See *Burnham* v. *Haskell,* 213 Mass. 386. The conduct of the defendant in going forward to the trial by jury without objection has gone far toward estopping himself from raising the question now. *Boston & Albany Railroad* v. *Reardon,* 226 Mass. 286, 291. These considerations would be of no avail if the jurisdiction of the court were affected. *Santom* v. *Ballard,* 133 Mass. 464. The Superior Court is a court of general jurisdiction. If the motion were granted and all intervening proceedings set aside, that court still would have jurisdiction of the petition to vacate

the judgment of October 2, 1916. It would be unfortunate to set aside a verdict in a case which has been long pending unless substantial justice required it. It is not required by the circumstances of the present case. No error is disclosed by the present report concerning the trial of the case upon its merits. The motion to set aside the verdict should be denied. G. L. c. 231, § 132.

The motion has been treated as raising the broad question which has been discussed. Construing it narrowly, as a motion to set aside a verdict, no matter can thus be raised as of right which might have been presented at the trial. *Ryan* v. *Hickey*, *ante*, 46, and cases there collected. *Hallett* v. *Jordan Marsh Co.* *ante*, 110. Manifestly this question might have been raised at the trial. We have preferred to consider the case in its wider aspects, including that of the jurisdiction of the court.

*Motion denied.*