### JOHN E. F. MAGEE *vs.* WILLIAM J. FLYNN.

Suffolk. March 8, 1923. —May 23, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & PIERCE, JJ.

*Pleading, Civil,* Motion to vacate judgment, Demurrer. *Judgment,* Motion to vacate.

Where one of several grounds of demurrer in the Superior Court to a pleading entitled " Petition for Writ of Review " was that " the form of the petition is not in accordance with the provisions of the General Laws, and that it states that it is a petition for a writ of review, and is in the form of a motion to vacate a judgment," and an examination of the pleading shows that it was in substance and effect a motion to vacate judgment under G. L. c. 250, § 15, and it was so treated by the judge in the Superior Court, this court, on an appeal from an order overruling the demurrer *held* that, although the pleading was called by a wrong name and was otherwise informal, it ought to be considered on its merits for what it was.

A motion to vacate a judgment ought to contain an averment that an execution issued upon the judgment had not been satisfied in whole or in part, but the omission of such an allegation is not fatal, where it appears from the motion that the judgment sought to be vacated was for the defendant in an action of tort and that the grounds of the motion were lack of knowledge by the plaintiff or his counsel, until the presentation of the motion to vacate, of the pendency of a motion to dismiss the action, failure through a misunderstanding to attend a hearing thereon, and lack of knowledge that the action had been dismissed.

There is no statutory requirement that a motion to vacate a judgment should be supported by an affidavit of the moving party; it is proper that supporting affidavits be filed by those, either parties, counsel or others, who know material facts.

Striking a case from the docket is a judgment of dismissal and final, and the action then is ripe for a motion to vacate the judgment.

A genuine and honest misunderstanding as to the time of hearing of a motion to dismiss an action at law, by reason of which the action is stricken from the docket, cannot be said as a matter of law not to be sufficient ground to warrant the exercise of sound judicial discretion in allowing a motion to vacate the judgment.

PETITION, entitled a " Petition for Writ of Review," filed in the Superior Court on September 15, 1921.

The allegations of the petition were that the petitioner was " the plaintiff in a certain action of tort, in which William J. Flynn of said Boston is the defendant and that at a sitting of said court held at Boston in the month of July, 1921,

the above action was stricken from the docket, all of which by the record appears."

The prayer was for the court " to vacate said judgment and to order said action to be brought forward on the docket of the court, to be tried and disposed of as if said judgment had not been rendered."

In support of the prayer, the " petitioner on oath declares that the facts set forth in the accompanying affidavit of Lee M. Friedman are true and are the grounds for reopening said case."

The affidavit of Lee M. Friedman, Esquire, was as follows: " The above action is one that the parties intended to be tried and it was in order for trial on the June trial list . . . at the time that the Superior Court adjourned last June, not having then been actually reached for trial. At the time of the call of the list, he [Mr. Friedman] filed a motion that the case remain on the docket as required by the rules of this court; that he did not know that said motion was called for hearing and did not learn that the case had been dismissed until yesterday, Wednesday, September 7, 1921, when he spoke to the defendant's attorney to make arrangements for the trial of this case the coming term of court; that he received a notice that the defendant intended to insist on the dismissal, but through an error did not understand that this case was to be called up on the day on which it was called by the court, but understood that there was to be a special notice at the council for a hearing on the matter for some particular day. A copy of the notice which he received [showed that it was merely a ' request ' that the above named action be dismissed notwithstanding the motion that it remain on the docket and affidavit filed by the plaintiff] and no further notice having been received, and error occurred in not being present at court on the particular time this matter was called up for dismissal; that the counsel for the defendant well knew that the plaintiff counsel intended to try this action and was ready during the month of June actually prepared to try the action had it been reached in course by the Superior Court."

The respondent demurred on the following grounds:

" 1. Because the form of the petition is not in accordance with the provisions of the General Laws, and that it states that it is a petition for a writ of review, and is in the form of a motion to vacate a judgment.

" 2. Because the allegations of the petition are not supported by the petitioner's oath as required by law.

" 3. Because the affidavit attached to the petition is the affidavit of the attorney for the petitioner and not of the petitioner himself.

" 4. Because the facts set forth in the petitioner's petition and affidavit attached thereto are not such as. entitle him to have the judgment vacated or a writ of review issued."

The demurrer was heard by *Sanderson, J.,* and was overruled. The respondent appealed.

*C. H. Cronin,* for the respondent.

*L. B. King,* for the petitioner.

RUGG, C.J. This proceeding is entitled " Petition for Writ of Review." In substance and effect it is a motion to vacate judgment under G. L. c. 250, § 15. It was so treated by the judge of the Superior Court. Although called by a wrong name and otherwise informal, it ought to be considered on its merits for what it is. *Davis* v. *National Life Ins. Co.* 187 Mass. 468. See *Maker* v. *Bouthier,* 242 Mass. 20. There is nothing at variance with this in *Clarke* v. *Backall,* 171 Mass. 292. There ought to have been an averment in the motion that the execution had not been satisfied in whole or in part, but its omission was not fatal to the proceeding.

There is no requirement of statute that such a petition be supported by affidavits. It is proper that supporting affidavits be filed by those knowing material facts, either parties, counsel or others. See *Willard* v. *Ward,* 3 Mass. 23.

Striking a case from the docket is a judgment of dismissal and final. *Karrick* v. *Wetmore,* 210 Mass. 578. *Shour* v. *Henin,* 240 Mass. 240. The case was ripe for a motion to vacate judgment.

A genuine and honest misunderstanding as to the time of hearing on a motion to dismiss, out of which the striking from the docket arose, may be a sufficient ground for vacat-

ing a judgment. That may be described appropriately as accident or mistake. It cannot be said as matter of law that the facts set forth in the record could not be found to be sufficient to warrant the exercise of sound judicial discretion to vacate the judgment. *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 423, 424. *Ryan* v. *Hickey,* 240 Mass. 46.

*Order overruling demurrer affirmed.*