HENRY V. CHARBONNEAU & another *vs.* FELIX GUILLET & others.

Middlesex.  January 4, 1932. — January 25, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Probate Court*, Appeal: dismissal for failure to enter seasonably, petition for leave to enter appeal late.

Under G. L. c. 231, § 135, in the amended form appearing in St. 1931, c. 219, one appealing from a decree of a probate court must enter his appeal in this court within five days after the date of notice to him that the papers are ready for transmission to this court, as well as pay to the register any balance due therefor within such period of time.

G. L. c. 215, § 15, is not applicable where an appeal from a decree of a probate court has been claimed seasonably but has not been prosecuted in the manner prescribed by G. L. c. 231, § 135, in the amended form appearing in St. 1931, c. 219.

G. L. c. 211, § 11, is not applicable to an appeal from a decree of a probate court.          •

PETITION, filed in the Probate Court for the county of Middlesex on April 9, 1931, for proof of the will of Joseph Henri Guillet, late of Lowell.

Certain next of kin of the deceased filed a motion for jury issues, which was heard and was denied by *Beane,* J.  The respondents appealed.  In this court, the petitioners filed a motion to dismiss the appeal, and the respondents filed a motion for leave to enter their appeal late.

*A. L. Bourgeois,* for the respondents.

*H. V. Charbonneau,* for the petitioners.

RUGG, C.J.  This was a motion by the contestants to frame certain issues to be tried by a jury touching an instrument offered for probate as the last will of one Guillet, deceased.  The motion was denied and the contestants appealed.  The papers appropriate for the prosecution of the appeal have been printed and entered in this court. The proponents of the will move that the appeal be dismissed on several grounds, one being that the contestants did not within five days from the date of the notice advising them that the papers had been transmitted enter the case in the Supreme Judicial Court for the Commonwealth as required by St. 1931, c. 219.  It is provided by that chapter (amending the second paragraph of § 135 of G. L. c. 231, as amended by St. 1929, c. 265, § 1,) as follows: The clerk or other official, after preparing the requisite papers and copies of papers for transmission to the full court of the Supreme Judicial Court, "when they are ready shall give notice in writing of such fact to the party ordering them, who, within five days after the date of such notice, shall pay to the clerk or other official any balance then due therefor and shall enter the case in the Supreme Judicial Court for the Commonwealth. . . ."  The notice in writing sent in the case at bar was dated on December

2, 1931, and the case was entered in this court on December 10, 1931. Manifestly, this entry was not within five days after the date of the notice. The question is whether the entry of the case in this court, as well as the payment to the clerk or register, must be made within the five-day period according to the true construction of the portion of said c. 219 just quoted. That chapter is the latest pronouncement by the General Court in the development of a policy designed to prevent undue delays in the actual presentation of cases to this court and to establish definite dates for the several necessary steps. See *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 254 Mass. 137. *Niosi* v. *Leveroni*, 274 Mass. 115; *McCarty* v. *Boyden*, 275 Mass. 91. *Martell* v. *Moffatt*, 276 Mass. 174; *Dondis* v. *Lash*, 277 Mass. 477, and cases reviewed in each opinion.

The meaning of the statutory requirement above quoted is that the words "within five days after the date of such notice" govern and apply to the doing of both enumerated acts described and immediately following in that sentence. That is the correct grammatical construction. That is the only construction which will effectuate the plain legislative intent to fix definite times for the performance of specified essential steps in procedure. To limit the five-day period alone to the payment of the balance due to the clerk or register would leave open the possibility for great delay in actually entering the case in this court. That result cannot be imputed to the General Court in the absence of clear words. Compare *Frank, petitioner*, 213 Mass. 194. The statute works no hardship because, to avoid unforeseen contingencies, deposit of the entry fee may be made with the clerk in advance. It follows that there was no compliance with the mandate of the statute and the case was not seasonably entered in this court. The motion to dismiss must be granted on this ground. It is not necessary to consider the other grounds urged for dismissal.

The contestants have filed in this court a petition for leave to appeal late under G. L. c. 215, § 15. That section is not applicable to the case at bar because the contestants appealed seasonably. They failed in seasonably taking

subsequent steps in the prosecution of the appeal. G. L. c. 211, § 11, is not applicable to appeals from probate courts. This petition must be denied upon the authority of *Martell* v. *Moffatt*, 276 Mass. 174, 179.

It may not be inappropriate to add that, considering the record as printed on its merits, no reversible error is disclosed. *Clark* v. *McNeil*, 246 Mass. 250. *Burroughs* v. *White*, 246 Mass. 258. *Swift* v. *Charest*, 268 Mass. 47. *Boston Safe Deposit & Trust Co.* v. *Kingsbury*, 270 Mass. 243. Cases like *Sheppard* v. *Olney*, 271 Mass. 424, are distinguishable.

*Appeal dismissed.*
*Motion for leave to appeal late denied.*