CHARLES E. SMITH *vs.* HYMAN J. BROWN.

Suffolk.    November 17, 1932. — February 16, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Practice, Civil,* Dismissal for failure to prosecute, Vacation of judgment.

Where, at the hearing of a petition to vacate a judgment for the respondent entered in an action against him by the petitioner pursuant to Common Law Rule 62 of the Superior Court (1923), the judge found that the respondent had filed a large number of dilatory pleas in the action, that he had adopted "a set purpose . . . to avoid a trial of the case on its merits" and that he had waived certain exceptions saved by him on the day before the judgment was entered; and allowed the petition "as a matter of discretion," it was *held,* that

(1) The respondent was not harmed by inconsequential misstatements of fact or informalities in the petition, and they did not prevent consideration of the petition on its merits;

(2) The petition to vacate judgment was a proper proceeding to take following a judgment of dismissal under the rule;

(3) The petition was not to be denied merely by reason of the defendant's waiver of his exceptions in the action: if he were harmed thereby, it was in consequence of his voluntary act not induced by the petitioner;

(4) It could not be assumed that the petition was allowed without an order that the petitioner file a bond as required by G. L. (Ter. Ed.) c. 250, § 17, or that such bond was not filed;

(5) Even if the bond had not been ordered or filed, it could be filed and approved *nunc pro tunc;*

(6) No abuse of discretion appeared in the allowance of the petition.

PETITION, filed in the Superior Court on July 7, 1931, for vacation of a judgment for the respondent entered in an action against him by the petitioner.

Material facts are stated in the opinion. A motion to dismiss the petition was denied, and a demurrer thereto overruled, by order of *Sisk,* J., and a plea in abatement was overruled by order of *Beaudreau,* J. The respondent alleged exceptions.

The case was submitted on briefs.

*N. Barnett,* for the respondent.

*A. K. Cohen, M. E. Bernkopf, & L. M. Ring*, for the petitioner.

PIERCE, J.    This is a petition under G. L. (Ter. Ed.) c. 250, § 15, to vacate a judgment of dismissal, entered June 6, 1931, in the Superior Court in the action of Charles E. Smith *vs*. Hyman J. Brown, number 172935, under Common Law Rule 62 of the Superior Court (1923), now Rule 85 of the Superior Court (1932), for failure to prosecute said action under said rule.

The defendant in the original action and in this petition received due notice of the petition under G. L. (Ter. Ed.) c. 250, § 16.    He filed a demurrer to the petition, a motion to dismiss and a plea in abatement, "without waiving any of said pleas."    A hearing was had on the demurrer and motion to dismiss and on October 13, 1931, the motion to dismiss was denied and the demurrer overruled.    With the order denying the motion and overruling the demurrer, the following facts and rulings were filed in the clerk's office: "The writ and declaration in case 172935, Charles E. Smith *vs*. Hyman J. Brown, was duly entered in this court on August 4, 1925.    On August 24 following, the defendant files a plea in abatement, demurrer and answer.    In 1928 the case was marked 'Inactive' under Rule 62.    Commencing on October 17, 1929, and continuing to June 5, 1931, the defendant filed a large number of dilatory pleadings.    On April 7, 1931, the plaintiff's motion to place the case upon the list of those for trial without jury was allowed and the case ordered on the present jury waived list.    On May 27, 1931, the defendant filed a motion to vacate the order of court of April 7, 1931, on this motion.    On June 5, 1931, the defendant filed a waiver of his substitute bill of exceptions.    On June 6, 1931, the case was dismissed and judgment entered under Rule 62.    On July 7, 1931, the petitioner filed his petition to vacate said judgment, order of notice issued thereon returnable on the first Monday of August following.    On August 11, the respondent filed a motion to dismiss the petition and a demurrer to the petition.    A certified copy of the docket entries in case number 172935 was introduced in evidence and is annexed thereto.

The docket entries in this case disclose a set purpose on the part of the defendant to avoid a trial of the case on its merits. In view of the circumstances as disclosed by the docket entries in case number 172935 and as a matter of discretion, the petition to vacate judgment in said action is allowed. The respondent's motion to dismiss is denied; his demurrer is overruled. The respondent filed certain requests for rulings on the demurrer and motion to dismiss annexed hereto. The requests are refused. James H. Sisk, Justice of the Superior Court.''

The plea in abatement was later marked for hearing and was overruled by a judge of the Superior Court, who made the findings of fact and rulings which follow: ''After hearing the parties on the respondent's plea in abatement in the above entitled action, and on the evidence as submitted I find that the facts are in accord with the findings of facts as found by Mr. Justice James H. Sisk in his memorandum on the plaintiff's petition to vacate judgment filed October 13, 1931. The respondent filed fourteen requests for rulings which are all refused and his plea in abatement is hereby overruled.''

The defendant contends that the petition lacks essential elements in that it does not allege that the conduct of the plaintiff or his counsel was not the cause of the entry of judgment in said case, but that it arose or was caused by inadvertence, mistake or accident; that the docket entries show clearly that the defendant could not be placed in *statu quo* if the judgment is vacated in that the defendant had waived his exceptions immediately before the entry of judgment in said case which are incapable of being revived, and by reason thereof the defendant cannot be placed in the same position he was in before the judgment in said case was entered; that counsel for plaintiff was negligent for failing to procure an order of court to extend the time of dismissal of said action as provided in said Rule 62 before judgment of dismissal was entered in said action, and that he failed to do so knowingly and wilfully or through carelessness, negligence or laxity of his legal duties to look after the case, and to ascertain what steps were to be taken in

the disposition of said case in accordance with the principle held in *Rosenbush* v. *Westchester Fire Ins. Co.* 227 Mass. 41. He also contends that the case at bar is one for the application of the doctrine of estoppel "in a similar way as was held in *Broitman* v. *Silver*," 278 Mass. 510, because the record shows that on June 5, 1931, the day before the entry of judgment of dismissal under Rule 62, the defendant filed a waiver of his bill of exceptions, and that when said waiver was filed the case was then ripe for judgment on the day following under Rule 62.

Although the petition to vacate the judgment contains some inconsequential misstatements of fact, as, for example, a recital that the "case was dismissed on June 7, 1931," when it was in fact dismissed on June 6, 1931, such misstatements are not fatal to the plaintiff's cause. It is plain on the record that the defendant was not harmed by any misstatement of fact or by any informality of statement in the petition. Mere informality or irregularity in a petition to vacate judgment will not prevent the petition from being considered on its merits. *Magee* v. *Flynn*, 245 Mass. 128, 131. See *Davis* v. *National Life Ins. Co.* 187 Mass. 468, 470. The petition to vacate judgment was a proper proceeding to take following a judgment of dismissal under Rule 62. *Karrick* v. *Wetmore*, 210 Mass. 578, 579. *Sullivan* v. *Martinelli*, 261 Mass. 261, 263.

The defendant's requests for rulings which relate to the facts found by the trial judge and are shown by the docket record, that in the action which was dismissed certain exceptions of the defendant therein were waived the day before judgment of dismissal was entered, did not make that action ripe for final judgment. G. L. (Ter. Ed.) c. 231, § 80. The defendant, if harmed by the waiver of the exceptions, pays the penalty as a consequence of his own voluntary act, not induced by any act of the plaintiff. The defendant's further requests for rulings are inapplicable to the facts found and are not herein recited.

A consideration of the facts found by the trial judge and the testimony introduced at the hearing on the plea in abatement leads this court to the conclusion that there was no

error in the overruling of the demurrer, in the denial of the motion, or in the overruling of the plea in abatement. The granting of the petition rested in the sound discretion of the judge which was not abused. *Ryan* v. *Hickey,* 240 Mass. 46. *Maker* v. *Bouthier,* 242 Mass. 20, 24. On the record we cannot assume, as the defendant contends, that the order to vacate the judgment was allowed without ordering the plaintiff to file a bond as is required to be done by G. L. (Ter. Ed.) c. 250, § 17, or that such bond was not filed. If we assume that the contention is based on fact, it is manifest the omission arose through inadvertence and that it is now within the power of the court to approve the bond *nunc pro tunc* as of a time prior to the proceedings taken by the parties without objection subsequently to the entry of the order vacating the judgment. *Perkins* v. *Perkins,* 225 Mass. 392. *Shour* v. *Henin,* 240 Mass. 240, 243.

*Exceptions overruled.*