CITY OF BOSTON *vs.* JOSEPH SANTOSUOSSO & another.

Suffolk.    January 6, 1939. — January 30, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & COX, JJ.

*Equity Pleading and Practice*, Appeal, Character of pleading.

Whether circumstances shown at a hearing under G. L. (Ter. Ed.) c. 231, § 135, constituted a "cause shown" for extension of the time for entry in this court of an appeal from a final decree in a suit in equity in the Superior Court, was to be determined by the exercise of sound judicial discretion by a judge of the Superior Court.

A description, in a motion for extension of the time for entry in this court of an appeal from a final decree in a suit in equity, of intention of the appellant "to file a motion for the reopening and rehearing" of the suit on evidence later to be ascertained, was interpreted by this court as a statement of intended action by bill of review.

No error of law nor improper exercise of discretion by a judge of the Superior Court was shown in the granting of two extensions of the time within which an appeal by the defendant from a final decree in a suit in equity should be filed in this court after the completion of the necessary appeal papers under G. L. (Ter. Ed.) c. 231, § 135, where the purported "cause" for the application was the pendency of a criminal trial against a witness who had testified for the plaintiff in the suit, from which the appellant expected to obtain material evidence theretofore unknown to and not obtainable by him to form a proper basis for proceeding by a bill of review of the decree appealed from.

BILL IN EQUITY, filed in the Superior Court on January 21, 1937.

The suit was heard by *Fosdick*, J. From a final decree entered by his order the defendants appealed. The present record relates only to the plaintiff's exceptions to and appeals from action by the judge upon motions relating to extensions of the time for filing the defendants' appeals in this court.

*E. F. McClennen*, Special Assistant Corporation Counsel, for the plaintiff.

*W. P. Murray*, for the defendant Curley.

*F. L. Simpson*, for the defendant Santosuosso.

FIELD, C.J. The plaintiff brought in the Superior Court a bill in equity against the defendants upon which a decree adverse to the defendants was entered on April 18, 1938. Each defendant appealed therefrom: the defendant Santosuosso on April 21, 1938, and the defendant Curley on May 3, 1938. Such appeals were entered in this court on December 12, 1938.

Prior to the entry of these appeals in this court each defendant, on October 17, 1938, moved in the Superior Court that the time for entering his appeal be extended until November 15, 1938. On the same day each motion, after hearing, was allowed by the judge who had heard the case on its merits. The plaintiff, on October 20, 1938, moved in the Superior Court that the appeals of the defendants be dismissed. This motion was denied, after hearing. The plaintiff excepted to the allowance of the defendants' motions for extension of time and to the denial of the plaintiff's motion to dismiss the appeals and these exceptions were embodied in a bill of exceptions. The plaintiff also appealed from the allowance of the defendants' motions and the denial of the plaintiff's motion. The defendants, on November 14, 1938, filed a motion that the time for entry of their appeals be further extended until January 9, 1939, which, on the same day, after hearing, was allowed by the judge who had heard the case on its merits. The plaintiff excepted and this exception was embodied in a bill of exceptions. The plaintiff also appealed.

After the entry of the defendants' appeals in this court the plaintiff filed a motion in this court that these appeals be dismissed.

The case now comes before this court solely upon the plaintiff's bills of exceptions, appeals and motion to dismiss the defendants' appeals. The underlying question for decision at this time is whether the action of the judge of the Superior Court in granting the extensions of time for entering in this court the defendants' appeals from the decree of the Superior Court was vitiated by error, so as to be ineffective, with the result that these appeals were not seasonably entered in this court.

G. L. (Ter. Ed.) c. 214, § 19, provides that "A party aggrieved by . . . a final decree of the superior court may, within twenty days after the entry thereof, appeal therefrom." This provision relates to the time for claiming appeal in the Superior Court. The defendants complied with the requirements of this provision. The section provides further that "an appeal from a final decree of the superior court shall be entered in the supreme judicial court. The completion of an appeal hereunder shall be governed by section one hundred and thirty-five of chapter two hundred and thirty-one." Said § 135 provides for the preparation and transmission to this court at the expense of the appellant of certain papers for its use, and fixes the details of the procedure.

The "necessary papers" for completing the appeals were prepared by the clerk of the Superior Court and were ready "on or about October 11, 1938," and "notice in writing of such fact" was given to each of the defendants on or about October 13, 1938. See § 135. The precise date of such notice does not appear. Under said § 135 the defendants were required to enter their appeals in this court, if at all, within five days "after the date of such notice" unless the time for entry was effectively extended. It is not controverted that the first extension of time was granted within this five-day period. The second extension was granted within the period covered by the first extension, and the case was entered within the period covered

by the second extension. If, therefore, the extensions were effective the case was entered seasonably, but if either of them was ineffective the entry was too late. See *Charbonneau* v. *Guillet*, 278 Mass. 153, 154–155.

Said § 135 makes rigid requirements with respect to the times within which the several steps in the completion of an appeal, including the entry of the appeal in this court, shall be taken by the appellant. But the paragraph contains a provision for relief from these rigid requirements in the following language: "The court in which the case is pending, or any justice or judge thereof, may, for cause shown after hearing, extend the time for doing any of the acts required by this paragraph." The present case, when each of the extensions of time for entry of the appeals was granted, was "pending" in the Superior Court (see G. L. [Ter. Ed.] c. 214, § 19), and, so far as appears, each of the extensions was granted before the time previously fixed for entry had expired. See *Buchannan* v. *Meisner*, 279 Mass. 457, 461–462; *Stanwood* v. *Adams Garage Inc.* 281 Mass. 452. Moreover, the phrase, "any of the acts required by this paragraph," the time for doing which may be extended, clearly includes the act of entering an appeal in this court. Furthermore, the extension of time for such entry in each instance was granted "after hearing."

The primary, if not the sole, contention of the plaintiff is, in substance, that the purported "cause" for the action of the judge of the trial court in extending the time for entry of the appeals, as matter of law, was not such a "cause shown," within the meaning of § 135, as empowered him to exercise any discretion to extend the time of entry. This contention cannot be sustained.

The purported "cause" of the first extension, as appears from the bill of exceptions relating thereto, was the fact that there was then on trial in a session of the Superior Court "for the county of Suffolk for criminal business a proceeding of Commonwealth *v.* Frederick H. Graves, the said Graves having been a witness for the plaintiff in this proceeding," and that each of the defendants "believed and intended to act" as alleged in the motions for this

extension, that is, they believed that in said trial there had appeared and would appear material evidence theretofore unknown to, and not obtainable by, these appellants which would form a proper basis for a motion for rehearing of the present case, and each defendant purposed "to file a motion for the reopening and rehearing of this cause after the conclusion of the trial of said Commonwealth *v.* Graves and after the testimony in said case shall have been reduced to writing so that this defendant may specify accurately the evidence introduced in said case of Commonwealth *v.* Graves which this defendant will rely on in support of a motion for a reopening and rehearing of this cause." At the hearing on the motions counsel for the defendants "stated their understanding of the testimony which had developed [at the trial of the case of Commonwealth *v.* Graves] and upon which they intended to rely in their motion for rehearing." But the judge "made no findings or inferences as to the truth or falsity of the allegations" in the motions to the effect that such evidence would be material in the present case and form a proper basis for a motion for a rehearing thereof.

The explicit provisions of said § 135 relating to the dates "for the several necessary steps" in the completion of an appeal import a purpose on the part of the General Court "to prevent undue delays in the actual presentation of cases to this court." *Charbonneau* v. *Guillet,* 278 Mass. 153, 155. That this purpose may not be frustrated, it is a natural implication that the power to relieve from these rigid requirements is to be exercised sparingly. But the purpose of the exercise of this power contemplated by the statute is to prevent injustice in particular and exceptional instances and thus to aid in the furtherance of justice. The provision conferring this power was added by a statute containing an emergency preamble (St. 1931, c. 219) after a short experience with a statute containing no such provision for relief from rigid statutory requirements. See G. L. c. 231, § 135, as amended by St. 1929, c. 265, § 1. Compare *Niosi* v. *Leveroni,* 274 Mass. 115, 117. The language of the statute is permissive. The nature of the power

and the fact that there is no specific statement of the causes
for which extensions may be granted fairly import that
there is no hard and fast rule for the exercise of the power,
but that its exercise rests in the sound judicial discretion
of the judge of the trial court, who must decide "what is
just and proper in the circumstances" shown.   See *The
Styria* v. *Morgan*, 186 U. S. 1, 9; *Paquette* v. *Fall River*,
278 Mass. 172, 174; *Long* v. *George*, 296 Mass. 574, 578.
The provision that the power shall be exercised "after
hearing" and "for cause shown" does not imply the con-
trary.   See *Hurnanen* v. *Gardner Automobile Co.* 225 Mass.
189, 191; *Doodlesack* v. *Superfine Coal & Ice Corp.* 292
Mass. 424, 429; G. L. (Ter. Ed.) c. 231, § 57.   See also
Pub. Sts. c. 153, § 8.   And see *Whitney* v. *Hunt-Spiller
Manuf. Corp.* 218 Mass. 318.

It cannot be ruled that the purported "cause" of the
first extension, as matter of law, could not be found to be a
"cause" therefor within the meaning of § 135.   The de-
fendants, after claiming appeals from the decree entered
against them, could prosecute such appeals for review of
the decree on the record already made, or could seek re-
view of the decree by bill of review, on the ground of newly
discovered evidence.   *Mackay* v. *Brock*, 245 Mass. 131,
133–134.   *Boston & Maine Railroad* v. *Greenfield*, 253 Mass.
391, 397.   *Frechette* v. *Thibodeau*, 294 Mass. 51, 54.   *Hyde
Park Savings Bank* v. *Davankoskas*, 298 Mass. 421, 422.
*Counelis* v. *Andreson*, 299 Mass. 382, 383.   It cannot be
ruled that the belief of an appellant in the existence of newly
discovered evidence and an intention on his part to seek
review of the decree appealed from by a bill of review on
the ground of such evidence could not constitute a "cause,"
within the meaning of § 135, for extension of the time for
entry of the appeal in this court, in order that, in the inter-
ests of justice and the orderly conduct of litigation, such
appellant might have an opportunity to determine, before
prosecuting his appeal further, whether to seek review of the
decree by a bill of review on the ground of newly discov-
ered evidence.   It is not free from doubt whether a bill of
review of this nature could be brought in the trial court by

an appellant without abandoning his appeal. Such a bill of review is not necessarily excluded from the application of the statement in *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad*, 169 Mass. 157, 162, that "A bill of review will not lie in the court below while an appeal is pending in the appellate court." However, we need not resolve this doubt. Its existence supports the conclusion here reached. Whether the circumstances of a particular case constitute a sufficient "cause" for such an extension of time is a matter within the sound judicial discretion of the judge of the trial court, subject to the usual rules for review of discretionary action.

The plaintiff, however, attacks the extension of time for entry of the appeals on the ground that it was based on the intention of each of the defendants to "file a motion for the reopening and rehearing" of this case — not a petition for leave to bring a bill of review — and that such a motion would not lie. It is true that such a motion in its technical sense would not lie. It would not come within any of the exceptions to the general rule that a final decree disposes of a suit in equity subject only to review on appeal or by a bill of review. *White* v. *Gove*, 183 Mass. 333. *Morgan* v. *Steele*, 242 Mass. 217. *Prenguber* v. *Agostini*, 289 Mass. 222. But even the "character of a pleading or other paper put upon the files of the court must be determined from its essential substance and not from the title, name or description attached to it." *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 110. See also *Magee* v. *Flynn*, 245 Mass. 128, 130; *Hays* v. *Georgian Inc.* 280 Mass. 10, 15. And no stricter rule should be applied here. The defendants' motions and the finding of the judge were based on intended action by the defendants directed toward obtaining a review of the decree on the ground of newly discovered evidence, which, according to settled law, could be obtained only on a bill of review. Obviously this was the substance of the proceedings contemplated by the defendants notwithstanding the description of the pleadings intended to be filed. Indeed, a pleading described as "a motion for the reopening and rehearing" of the case might

be such in form and substance as to amount to a petition for leave to file a bill of review. See *Magee* v. *Flynn*, 245 Mass. 128, 130. Compare *Morgan* v. *Steele*, 242 Mass. 217, 218. But proof of the precise form of pleadings intended to be filed in the contemplated proceedings was not an essential element of proof of a "cause" for an extension of time for entry of the appeals. In view of the plainly disclosed object of the contemplated proceedings, we think that a technically erroneous description of the pleadings to be filed in pursuance of that object was not incompatible with a finding that "cause" was shown for an extension of time.

The second extension of time for entry of the defendants' appeals was, in effect, merely a lengthening of the period of the first extension. It was granted "after hearing" by the judge who granted the first extension. He could draw upon his personal knowledge of what occurred at the previous hearing (*Odde* v. *Field*, 297 Mass. 167, 170) and, at least in the absence, as here, of objection, could consider facts relating to the evidence in Commonwealth *v.* Graves, set forth in an affidavit of the attorney for one of the defendants annexed to the joint motion of the defendants for extensions. See *Browne* v. *Fairhall*, 218 Mass. 495, 496–497; *Irwin* v. *Worcester Paper Box Co.* 246 Mass. 453, 458; Rule 46 of the Superior Court (1932). The principles already stated are applicable to this extension. It need not be discussed in detail. It was within the discretionary power of the judge.

Giving due weight to the exercise of discretion by the judge of the trial court in the matter of each extension we cannot say that in any instance it was improper. See *Long* v. *George*, 296 Mass. 574, 578.

It follows that the plaintiff's exceptions must be overruled. The plaintiff's appeals from the allowance by the judge of the trial court of the defendants' motions for extension of time, and from the denial by that judge of the plaintiff's motion to dismiss the defendants' appeals — which we treat as decrees of that court — at least present no question for decision not presented by the plaintiff's

exceptions and decided adversely to the plaintiff. These decrees, therefore, must be affirmed. For a like reason the plaintiff's motion in this court to dismiss the defendants' appeals must be denied.

*Ordered accordingly.*