STANISLAW BACZEK *vs.* WALTER P. DAMIAN.

Worcester. September 24, 1940. — October 31, 1940.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Negligence,* Motor vehicle, Contributory.

Evidence warranted a finding of negligence of an operator of an automobile in failing to see seasonably, and in striking, a pedestrian crossing a straight, well lighted street at night.

On conflicting evidence, the questions whether a pedestrian, who admitted having drunk intoxicating liquor, was intoxicated when he was struck by an automobile and, if so, whether his condition contributed to the accident, were for the jury.

TORT. Writ in the Central District Court of Worcester dated August 17, 1937.

Upon removal to the Superior Court, the action was tried before *T. J. Hammond,* J., who, after the recording of a verdict for the plaintiff in the sum of $440 subject to leave reserved, ordered entered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*J. J. Siarkiewicz,* for the plaintiff.

*H. E. Manning,* for the defendant.

RONAN, J. In this action of tort to recover for personal injuries there was evidence tending to show that the plaintiff, before attempting to cross the highway, looked in both directions and the only vehicle he saw was that of the defendant which was approaching from his right and was then two hundred feet away, and that when he had reached the shoulder of the further side of the street, which was thirty-two feet wide, he was struck by the defendant's automobile. The street was well lighted and was straight for the distance of eight hundred feet in the direction from which the defendant had come. The defendant, however, did not see the plaintiff until he was only thirty-five feet away and the defendant, who was then proceeding at a speed of fifteen to twenty miles an hour, slowed down, struck the plaintiff, and stopped. The plaintiff admitted that he had drunk intoxicating liquor shortly before the accident but denied that he was intoxicated. The defendant introduced considerable evidence to show that the plaintiff was intoxicated. The plaintiff had a verdict but the judge, under leave reserved, entered a verdict for the defendant, subject to the plaintiff's exception.

It is unnecessary to narrate further the evidence for enough has been stated to show that the negligence of the defendant and the contributory negligence of the plaintiff were properly submitted to the jury. *Pitts* v. *Coulson*, 265 Mass. 366. *McGuiggan* v. *Atkinson*, 278 Mass. 264. *McSorley* v. *Risdon*, 278 Mass. 415. *Legg* v. *Bloom*, 282 Mass. 303. *Noyes* v. *Whiting*, 289 Mass. 270. *Nicholson* v. *Babb*, 304 Mass. 216. If the plaintiff was intoxicated and this condition helped to bring about the accident, then he was barred from recovery. On the evidence, however, his sobriety was an issue for the jury. *Bilodeau* v. *Fitchburg & Leominster Street Railway*, 236 Mass. 526. *Labrecque* v. *Donham*, 236 Mass. 10. *Martin* v. *Florin*, 273 Mass. 13.

                 *Exceptions sustained.*

                 *Judgment on verdict returned by the jury.*