DENNIS HERLIHY *vs.* JACOB KANE.

Bristol.     October 28, 1941. — December 30, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Practice, Civil,* Vacation of judgment. *Pleading, Civil,* Petition to vacate judgment. *Negligence,* Motor vehicle, Use of way.

It was within the discretion of a court to vacate a judgment against a plaintiff who was not represented by a guardian or a guardian ad litem where it appeared that the judgment was entered after nonsuit because of his failure to answer interrogatories within the extended time therefor, and that the failure was due to "a genuine misunderstanding resulting from his abnormal mental condition," which made it impossible for his counsel to procure the answers from him.

Evidence, that a pedestrian was struck by an automobile when he was half way across a forty foot street, and that the operator did not see him until he was a foot or two from the automobile's right front mudguard, showed the existence of a meritorious cause of action against the operator required as one ground essential to the vacation of a judgment for the operator in an action by the pedestrian.

A petition for vacation of a judgment entered against a plaintiff need not contain an allegation that he had a meritorious cause of action.

PETITION, filed in the Superior Court on January 23, 1940, for vacation of a judgment.

The petition was heard by *Hurley, J.,* and was allowed. The respondent alleged exceptions.

The case was submitted on briefs.

*J. G. Ashe,* for the respondent.

*T. F. O'Brien,* for the petitioner.

QUA, J.     This is a petition to vacate a judgment rendered against the petitioner on June 12, 1939, in an action brought by the petitioner against the respondent for personal in-

juries sustained by the petitioner when struck by an automobile driven by the respondent.

In the original action the court had nonsuited the plaintiff (the present petitioner) on March 20, 1939, for failure to answer interrogatories propounded by the defendant (the present respondent), with the condition that the nonsuit "be vacated as of course" if answers were filed within twenty days. Later the time for filing the answers was extended until June 1, and, the answers not then being filed, judgment for the defendant (respondent) followed.

The respondent excepts to the denial of his motion to dismiss the petition, filed at the close of the evidence at the hearing on the petition, and to the refusal of the judge to give requests for rulings to the effect (1) that the petition on its face fails to set forth sufficient ground to vacate a judgment, (2) that the evidence failed to show that the petitioner had a meritorious cause of action, and (3) that "On all the facts adduced in evidence the petition must be dismissed."

The respondent's motion to dismiss and the request numbered (3) above may be taken as raising the question whether a sufficient cause was disclosed at the hearing to justify the judge's exercise of his discretion in favor of vacating the judgment. There was evidence that the petitioner had sustained a very serious injury, including the fracture of ten of the bones of his body and a cerebral concussion and shock; that he was in a hospital five months, during which time his mental state was "otherwise than normal"; that after his discharge from the hospital "his condition was not normal"; that he was "non-cooperative," "disoriented," and "wouldn't listen to questions, or reason. or anything else"; that the accident was at least a contributing cause of this condition; and that answers to the interrogatories were finally procured from the petitioner by his counsel with the assistance of his physician on January 17, 1940, after his mental condition had improved somewhat, although two or three months before he had refused to answer them and did not then appear to understand them. The judge found that as a result of the petitioner's

abnormal mental condition it was impossible for his counsel to secure the answers before the judgment was entered, and that the petitioner's failure to answer which resulted in the judgment against him "was due to accident and mistake, to a genuine misunderstanding resulting from his abnormal mental condition," and that it was not due to inadvertence or neglect.

The finding that it was impossible to secure the petitioner's answers before the judgment was entered was warranted by the evidence. Whether the failure to answer could also properly be found to have been "due to accident or mistake" is immaterial. General Laws (Ter. Ed.) c. 250, § 15, under which this petition is filed, makes no attempt to prescribe the causes for which a judgment may be vacated. Those causes are not necessarily limited to accident or mistake. The granting of such a petition "rests largely although not exclusively in the sound discretion of the court." *Russell* v. *Foley,* 278 Mass. 145, 148, and cases cited. We have no doubt that it is within the discretion of the court to vacate a judgment which has been brought about as the result of an abnormal mental condition of the party against whom it was rendered and who was not represented by a guardian or a guardian ad litem. It would seem that a misfortune of this kind belongs within the class for which the statute was designed to furnish relief. *Southern National Life Ins. Co.* v. *Ford's Administrator,* 151 Ky. 476, 482. *Judd* v. *Gray,* 156 Ind. 278. See *Keith* v. *McCaffrey,* 145 Mass. 18; *Lee* v. *Fowler,* 263 Mass. 440; *Manzi* v. *Carlson,* 278 Mass. 267, 273, 274. Greater resourcefulness and persistence on the part of the petitioner's then counsel might very likely have secured further time in which to answer the interrogatories, but nevertheless the judge could find that the judgment resulted from a "genuine misunderstanding" on the part of the petitioner due to his unfortunate mental condition. Any lack of further effort by his counsel would not under the circumstances as matter of law bar relief. *Manzi* v. *Carlson,* 278 Mass. 267, 270. *Hopkinton* v. *B. F. Sturtevant Co.* 285 Mass. 272, 276, 277. *Maki* v. *New York, New Haven & Hartford Railroad,* 293

Mass. 223. The petitioner's condition could be found to have rendered him incompetent to give his counsel the necessary information and assistance which a normal client would furnish and to have been primarily responsible for placing him in his present situation.

There was sufficient evidence to satisfy the requirement that the petitioner must have a meritorious cause of action worthy of a trial in court. *Russell* v. *Foley,* 278 Mass. 145, 148. There was evidence that the petitioner when struck was walking across a forty-foot street and that, although he was half way across, the respondent did not see him until he was a foot or two from the respondent's right front mudguard. *Conrad* v. *Mazman,* 287 Mass. 229, 232. *Noyes* v. *Whiting,* 289 Mass. 270. *Nicholson* v. *Babb,* 304 Mass. 216. *Baczek* v. *Damian,* 307 Mass. 167. The petitioner would have the benefit of G. L. (Ter. Ed.) c. 231, § 85, in its bearing upon his own due care.

There is nothing in the respondent's remaining contention that the petition is inadequate on its face, because it fails to contain an express allegation that the petitioner had a meritorious cause of action. The petition was sufficient in form to indicate that a remedy was sought by vacating the judgment under the statute. If the respondent had demurred to the petition his demurrer would have been overruled. The completeness and formality of the pleading in an ordinary action at law has not been required in petitions to vacate judgment. *Magee* v. *Flynn,* 245 Mass. 128, 130. *Smith* v. *Brown,* 282 Mass. 81, 84. *Lynch* v. *Springfield Safe Deposit & Trust Co.* 300 Mass. 14.

*Exceptions overruled.*