### EPHRAIM BUTTRICK, Administrator *vs.* SAMUEL KING, Administrator.

G., by his last will, gave to his wife, whom he appointed his executrix, the income and im
provement of all his property, real and personal, during her life, and ordered the prop-
erty to be divided among his children, at her decease : He also authorized her to
sell and convey any part of his property, if she should deem it prudent and proper ;
but directed that the proceeds of such sale should be held subject to be divided among
his children, as he had before directed the property itself to be divided, if not sold ·
She sold some of G.'s lands, under said authority, and took notes, &c. for the proceeds
of the sales; which notes, &c. after her decease, were paid to her administrator.
*Held,* that the administrator *de bonis non* of G. was entitled to recover of the admin-
istrator of the wife, in an action for money had and received, the money in his hands
received by him in payment of said notes, &c.

THIS was an action of assumpsit for money had and received,
brought by the administrator *de bonis non,* with the will annexed,
of John Green, against the administrator of the estate of Lois
Green, widow of said John. The action was commenced
with the knowledge, and for the benefit, of the children and
devisees of said John, and was submitted to the court on the
following agreed statement of facts :

John Green of Cambridge, on the 17th of April 1826, made
his last will, and on the 20th of May following made a codicil
thereto; which will and codicil were made and executed in due
form of law to pass real estate. The said testator, by his said
will, gave the income and improvement of all his estate, real
and personal, to Lois Green, (who was his second wife, and had
no children,) so long as she should remain his widow, for the
maintenance and support of herself and said testator's two
daughters, Sarah Green and Harriet Green ; and upon the death
or future marriage of his said wife, whichever should first hap-
pen, he gave his whole estate, in equal shares, to the children
of his first marriage, and their heirs ; viz., the said Sarah and
Harriet Green, John Green, and Rebecca Austin, wife of Joseph
Austin.

The said testator died in 1826, and at a probate court held
on the 8th of August 1826, the said last will and codicil
were duly proved, allowed, and established, and the execution

thereof was committed to the said Lois Green, the executrix therein named.

On the 27th of January 1827, the said executrix returned and filed in the probate court an inventory of the goods and estate of said testator, the whole of which was appraised at $10251·75.

It does not appear whether or not the said John Green owed any debts, at the time of his death, as the said Lois never settled any account of her administration in the probate office.

The said testator, at the time of making his said will, and from thence until and at the time of his death, was seized and possessed of a house and parcel of land in Marshall Street, in Boston, appraised at $3000, and of a house and parcel of land in Leverett Street, in Boston, appraised at $3150, as appears by said inventory ; and also of other real and personal estate.

The said last will contains, among others, the following provisions : " If at any time during the widowhood of my said wife, while she is authorized to receive the rents and profits of my said estate, it should be by her deemed prudent and proper to make sale of or to exchange any part of the same herein by me devised and bequeathed as aforesaid, I hereby authorize and empower her so to do ; and do further enable her to make, execute, and deliver good and sufficient deeds in the law to convey the same in fee simple, for such consideration money, and for such terms and conditions, as she may deem proper. But I do direct, and my will is, that the proceeds of any such sale shall be held and considered as subject to the like limitations and division, and be distributed in the same manner, as the original property would be, if no such sale had been made." In virtue of the authority, conferred on her by this clause in said will, the said Lois, as executrix, on the 29th of May 1835, sold, and conveyed in fee, the said house and land in ·Leverett Street, to Nathaniel Hammond of Boston, for the sum of $3650 ; and on the 19th of June following, she sold, and conveyed in fee, the said house and land in Marshall Street, to James Davis of Boston, for the sum of $5000. The proceeds of said sales were paid to the said Lois, and were by her lent

and invested in various securities payable to her as executrix of the last will of said testator, and are the same securities mentioned in the inventory of her estate hereinafter referred to.

The said Lois remained the widow of said testator to the time of her death in 1841, receiving to her own use, for the support of herself and the said Sarah and Harriet Green, the income and interest of the whole of said testator's estate. The said Lois had no property, at the time of said testator's death, except that given to her by said last will, nor at the time of her own decease; and she owed no debts. The said Sarah and Harriet Green, after the death of said testator, continued to reside with said Lois, during her lifetime, constituting one family.

On the 17th of August 1841, the plaintiff was appointed administrator *de bonis non*, with the will annexed, of the said John Green.

The defendant, on the 7th of September 1841, was appointed administrator of the estate of said Lois Green, and on the 11th of January 1842, he filed in the probate office an inventory of her estate, amounting to $8115·67. The items of this inventory were as follows: One note and mortgage, including interest to October 15th 1841 — $4077·33; another note and mortgage, including interest to the same date — $2144; an annuity in trust in the Hospital Life Insurance Company — $1579; and a note, on which was due $315·34.

The proceeds of the sales and conveyances of real estate, made as aforesaid by the said Lois, to the amount of $8115·67, have come to the defendant's hands, since his appointment as her administrator, and were in his hands, in money, when this action was commenced; and he claims to retain that sum as such administrator.

The plaintiff seeks to recover that sum, with interest from the date of the writ, in order that he may have the same to divide among the aforesaid children of said testator, who are still living, according to the provisions of said will; and the parties agree that the court shall render judgment for the plaintiff accordingly, if they shall be of the opinion that he is entitled, upon the foregoing facts, to recover in this or any form of action.

*Buttrick, pro se.*

*Nelson,* for the defendant.

SHAW, C. J.    The court are of opinion that, on the agreed statements of facts, the plaintiff is entitled to judgment.

The money was held by the widow as a trust fund, she her self being entitled to the interest, for her life.    Upon her de cease, the administrator *de bonis non,* with the will annexed, of the husband, is the successor in that trust, and entitled to take and administer the trust fund, according to the original will.    If it consisted in stocks or specific property, other than money, a bill in equity might be necessary to enable the administrator to recover it.    But when it remains wholly in money, in the hands of the defendant as administrator of the widow, an action for money had and received — which is in the nature of a bill in equity — when nothing remains to be done, but the payment of money, may be maintained.

This trust fund was not assets of the widow, nor could her creditors be entitled to participation in it.    The whole fund must be transferred to the personal representative of the hus band, as successor in the trust.    The administrator *de bonis non* of the husband is the proper person, we think, to take and ad minister the fund, because, if there should still be debts due from the testator, as there may be, notwithstanding the lapse of time, on covenants real, or the like, the creditors would be en titled to payment before the legatees.    Otherwise, the adminis trator *de bonis non* will be bound to pay over to the legatees, according to the will.

It being agreed that the sum of $8115·67, in the defendant's hands, is the specific proceeds of the sale of the real estate, and the amount of the trust fund, that is the sum to be recovered.

This judgment being rendered on the statement of facts, that statement should be entered of record.