MICHAEL M. CUNNIFF & another *vs.* EMILY A. McDONNELL.

Norfolk.　January 7, 1907. — June 18, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Terms of reservation, Ordering verdict.　*Pleading, Civil,* Declaration. *Trust,* Construction of terms, Obligation of beneficiary, Termination.　*Words,* "Agreement."

In an action of contract where the presiding judge had ordered a verdict for the defendant and had reported the case for determination by this court, the terms of reservation were as follows: "If upon the pleadings and the evidence . . . the defendant is liable, judgment is to be entered for the plaintiff for the amount claimed in the declaration, but if the defendant is not liable, judgment is to be entered on the verdict." *Held,* that by this reservation the case was to stand for trial unless upon the pleadings and the evidence as matter of law one party or the other was entitled to a verdict, and such a new trial was ordered.

A declaration in an action of contract upon an account annexed contained the words "To your share of amount paid by" the plaintiffs "in settlement of liability on bond executed and given by them to one F. in the sum of $19,000 which said bond was executed at your request and for your benefit and upon your agreement to be responsible for your share, to wit: $3,666.66." *Held,* that the word "agreement" in this sentence in the connection in which it occurred must be taken to mean an express agreement and not an obligation implied by law.

A declaration of trust provided that the trustees should hold the title to certain land for the benefit and advantage of all the owners, and that "upon demand each of said owners will pay their respective proportion of any interest charge, taxes, assessments or other lawful expense of said trust." The trustees paid the sum of $11,000 in settlement of their liability on a bond for $19,000 secured by a mortgage given by them in part payment for the land held by them as trustees, and sued one of the four owners of the land for $3,666.66 as his proportionate share of the sum so paid by them. *Held,* that if it was shown that the defendant assented to and was bound by the declaration of trust, the words "other lawful expense of said trust" were broad enough to include any payment made by the plaintiffs in settlement of their liability on the bond, and to make the defendant liable for his proportionate share, if such payment was made in good faith and the settlement was a reasonable one.

Whether a person named as beneficiary in a declaration of trust executed by trustees but not by him is bound by its terms depends on the question whether he assented to it, and such assent can be either absolute or conditional.

In an action of contract against a person named as a beneficiary in a declaration of trust executed by trustees but not by him, to enforce an alleged obligation of the defendant under the terms of the trust to reimburse the trustees for his proportion of a payment made by them, the defendant contended and introduced evidence tending to show that he assented to the declaration of trust only on condition that he could "drop out" whenever he wanted to, and that before the payment was made by the plaintiffs as trustees he had elected to have nothing further to do with the matter and so had notified the plaintiffs. This was contradicted by evidence introduced by the plaintiffs. *Held,* that the question of the defendant's liability was one of fact for the jury, and that it would be improper to order a verdict either for the plaintiffs or for the defendant.

In an action by the trustees under a declaration of trust by which the plaintiffs had held certain land for the benefit of the owners, consisting of themselves, the defendant and another person, to recover from the defendant his proportionate share of a payment made by the plaintiffs for the benefit of the trust, it appeared that the declaration of trust contained a provision that upon demand each of the owners should pay his respective proportion "of any interest charge, taxes, assessments or other lawful expense of the trust;" and that the payment made by the plaintiffs was such a lawful expense, that after the creation of the trust the land held by the plaintiffs was sold under foreclosure proceedings, and was bid in for the benefit of the trustees and such of the beneficial owners as chose to join them. The defendant contended that the plaintiffs could not maintain an action at law to recover the sum alleged to be due to them, because the trust was still open. *Held,* that, even if under the terms of the trust the trustees would be obliged to wait until its termination before recovering from the defendant his proportionate share of the payment made by them, which was doubted, the trust had been terminated by the foreclosure sale, and there was no objection to the maintenance of the action.

MORTON, J.    This is an action of contract to recover of the defendant her proportionate share of the sum paid by the plaintiffs to settle an alleged joint liability. The presiding judge directed a verdict for the defendant and reported the case. "If upon the pleadings and the evidence . . . the defendant is liable, judgment is to be entered for the plaintiffs for the amount claimed in the declaration, but if the defendant is not liable, judgment is to be entered on the verdict." As we construe the reservation the case is to stand for trial, unless, upon the pleadings and the evidence, as matter of law one party or the other was entitled to a verdict.

The declaration is upon an account annexed which is as follows:

"Emily A. McDonnell to M. M. Cunniff and Thomas H. McDonnell, Dr.

"December 20, 1901.

"To your share of amount paid by said Cunniff and McDonnell in settlement of liability on bond executed and given by

them to one William Fritz in the sum of $19,000, which said bond was executed at your request and for your benefit, and upon your agreement to be responsible for your share, to wit:

$3,666.66 *

"Interest thereon from December 20, 1901, to September 10, 1903,                                          $377.91"

The word "agreement" must be taken to mean, in the connection in which it occurs, an express, and not an implied agreement. As the declaration is framed, therefore, the cause of action is the alleged liability of the defendant upon a bond executed by the plaintiffs at her request and for her benefit upon her express agreement to be responsible for her share. The answer is a general denial and the statute of frauds which is not relied on. The question is whether the evidence would warrant a finding that there was such an agreement, and the answer to it depends, in the first instance at least, on the construction to be given to what is termed the declaration of trust of May 22, 1896, which is the instrument on which the rights of the parties depend. That provides amongst other things as follows: "Said parties of the first part [the plaintiffs] covenant and agree with the parties of the second part [of whom the defendant is one] and each of them, and their respective heirs, executors, administrators and assigns, that they will well and truly take and hold the title to said lands and premises in trust for the benefit and advantage of all the owners [of whom the defendant was one] as hereinbefore stated, and will well and truly care for and protect said property, and upon demand each of said owners will pay their respective proportion of any interest charge, taxes, assessments or other lawful expense of said trust, and said first parties will faithfully apply all such moneys received to the payment and satisfaction of all such interest, taxes, assessments and the like." The instrument was, as already observed, in the nature of a declaration of trust,

---

* This $3,666.66 was alleged to be the defendant's contributive share of the sum of $11,000, which the plaintiffs paid in settlement of their personal liability on a bond secured by a mortgage given in part payment for a tract of land in Tonawanda in the State of New York, which was purchased by the plaintiffs, the defendant and one Silas Daggett, at a foreclosure sale, and the title to which was taken in the plaintiffs' names in accordance with the terms of a declaration of trust executed by the plaintiffs a few months later, the material part of which is quoted in the opinion.

and was executed by the trustees (the plaintiffs), but not by the *cestuis que trust*, of whom the defendant was one. There is no express reference in it to the bond and mortgage, or to the liability which the plaintiffs were under by reason of the same. But the "interest charge, taxes, assessments or other lawful expense of said trust" can only relate to the bond and mortgage and the mortgaged property and we think that the words " other lawful expense of said trust " are broad enough to include any sum or sums paid by the plaintiffs in settlement of their liability on the bond if paid in good faith and if such settlement was a reasonable one, (see *Gray* v. *Boston Gas Light Co.* 114 Mass. 149, 155,) and to require the defendant to pay her proportionate part thereof, if it appears that she had assented to and was bound by the declaration of trust. She would not be bound by the declaration of trust unless she assented to it and her acceptance of it and assent to it could be shown to be either absolute or conditional. If she accepted and agreed to it without qualification she could not afterwards annex a condition to her assent except with the consent of the other parties interested. But as already observed she could make her acceptance of it a qualified or conditional one, and she would be bound accordingly and not otherwise. The defendant contended and introduced evidence tending to show that she assented to the declaration of trust only on condition that "I can drop out whenever I want to," and that that was agreed to by the other parties, and that in December, 1897, she elected to have nothing further to do with the matter and so notified the plaintiffs. This was controverted by the plaintiffs, and a question of fact was thus raised, and we do not see how a verdict could have been properly directed either for the plaintiffs or the defendant.

The defendant further contends that the plaintiffs cannot maintain an action at law to recover what they allege to be due them, on the ground that the trust is still open. *Taft* v. *Stow*, 174 Mass. 171. It may well be doubted whether, under the terms of the trust, the trustees would be obliged to wait till its termination before they could recover of their *cestuis* their proportionate shares of taxes, for instance, paid by them on the trust property. But, however that may be, the trust has been, in effect, terminated by a sale under foreclosure proceedings of the trust prop-

erty, though the property has been bid in for the benefit of the trustees and such of the *cestuis* as choose to join them.   Under such circumstances we see no valid objection to the maintenance of the action.   *Sewall* v. *Patch*, 132 Mass. 326.

The rights of the parties depend, as already observed, upon the declaration of trust of May 22, 1896.   What took place before the first foreclosure proceedings is therefore immaterial except as a part of the history of the case.

*Case to stand for trial.*

*T. E. Grover, (J. Cunniff* with him,) for the plaintiffs.
*J. E. Cotter, (J. P. Fagan* with him,) for the defendant.