WILLIAM J. DWYER, executor, *vs.* JOHN J. DWYER & others.

Suffolk.   March 11, 1921. — June 3, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Probate Court,* Findings by judge, Appeal.

It is error for a judge of the Probate Court, hearing a petition for the allowance of a final account of an executor where a commissioner has been appointed to take the evidence and where all material facts are not agreed to by the parties and are not such matters of record as to be incontrovertible, to make findings upon controverted matters without hearing any evidence and after hearing only "contentions" of the counsel for the parties, and, upon an appeal from a decree founded upon facts so found, the decree must be reversed and the petition stand for further consideration in the Probate Court.

PETITION, filed in the Probate Court for the county of Suffolk on February 3, 1920, for the allowance of the first and final account of the executor of the will of Bridget Dwyer, late of Boston.

The petition was heard by *Grant,* J., and by his order the decree described in the opinion was entered allowing the account with amendments. The executor appealed. Material facts relating to the appeal are described in the opinion.

*F. T. Leahy,* for the executor, submitted a brief.

No brief was filed for the respondents.

CARROLL, J. This is an appeal by William J. Dwyer from a decree of the Probate Court, allowing after amendment his first and final account as executor of the will of Bridget Dwyer. In the account he charged himself in Schedule A with personal property at its inventory value and other items, including $5,500 received from the sale of real estate, a total of $6,959.75, and in Schedule B asked to be allowed for sundry payments and charges amounting to $6,959.75. Objection being made by the parties in interest, the executor requested the appointment of a commissioner to take the evidence, and such an order was made. In the report of the judge it was found that on July 10, 1919, a decree was entered authorizing the sale of the real estate for the payment of debts and legacies, for the sum of $5,500, and that it was at the same time decreed that the executor be allowed " to purchase said real estate

for himself at said sale." The judge further found that on July 10, 1919, the executor executed a deed of sale to himself and entered into possession of the property. No money was paid by the executor at this time and none was received by him and credited to the estate until November 5, when the deed was recorded, at which time he mortgaged the property for the sum of $3,000. The executor claimed that he was entitled to rents and profits from July 10, 1919, but the judge found that, having purchased the property in a fiduciary capacity, he was not entitled to occupy the premises without accounting for the rents and profits between the date when the title passed and the date when he actually paid or credited to the estate the purchase price.

A decree was entered charging the executor with $222 rents and profits from July 10, 1919, to November 5, 1919, making Schedule C the balance in the hands of the executor, $222, and the account so amended was allowed. The executor's motion to report the evidence was denied on the ground that no evidence was taken at the trial, and in the report of the judge it is said that no testimony was offered by either party. "The appellant and the appellees were represented by counsel, who stated their contentions to the court."

By St. 1919, c. 274, § 4 (see now G. L. c. 215, § 12), it is provided that on an appeal from the Probate Court, no oral evidence shall be exhibited to the full court, but the evidence and all questions relating thereto shall be subject to like provisions as are contained in R. L. c. 159, § 24, and St. 1913, c. 716, § 4. Under these sections the testimony of witnesses who have been examined orally, shall, at the request of any party made before the evidence is offered, be reported to the full court. Under St. 1919, c. 274, § 13, provision is made for the appointment of a stenographer. And upon an appeal the judge of probate shall report the material facts found by him, if requested by the appellant within four days after notice of the order, decree or denial. St. 1919, c. 274, § 3.

The appellant had the right to have the case heard and decided on the evidence and to have the evidence reported to the full court. He seasonably filed his request for a commissioner to take the evidence, following the practice in equity, R. L. c. 159, § 24, Equity Rule 35, and the denial of the motion to report the evidence, was for the reason, according to the report of the judge, that no evidence was taken and no testimony was offered at the trial, and

apparently the cause was decided on the "contentions" made by counsel.

When there is no controversy concerning facts stated by counsel, or when from the discussion on both sides material facts not in dispute are elucidated, then the court may take these facts as agreed for the purpose of the trial and decide the case accordingly. Pertinent facts disclosed on the record of the case may be considered because they are not open to contradiction and import incontrovertible verity. *Cote* v. *New England Navigation Co.* 213 Mass. 177, 179. When a case is presented for adjudication in this way, it is the duty of the judge in framing a report to set out the substance of such agreed or undisputed facts. They stand in place of the evidence. They become the foundation for the decision. In the case at bar the judge states expressly that there was no evidence and he fails to set out any facts as conceded to be true or shown by the record save only the date, the price and purpose of the license to sell real estate, and the name of the accountant as vendee. Therefore, as the record stands, there was nothing upon which to found the further findings of fact. There is nothing to support the finding that the money due the estate from the accountant was not paid until November 5, 1919, or that he should be charged with rents and profits from July 10 to November 5, 1919. It follows that because of this error the decree must be reversed and the case stand for further consideration.

*So ordered.*