WILLIAM E. KANE *vs.* SCHOOL COMMITTEE OF WOBURN.

Middlesex.     December 5, 1944. — December 30, 1944.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*School and School Committee. Woburn. Municipal Corporations*, Officers and agents.

Under § 29 of the charter of Woburn, St. 1897, c. 172, which, besides providing for the election of a chairman of the school committee from among their members and for their determining the rules of their proceedings, also provided that the mayor "may be present at all sessions . . . and when present he . . . may preside . . ." the decision as to whether the mayor should preside when present was solely his, and his right to do so was enforceable by mandamus.

A provision of § 29 of the charter of Woburn, St. 1897, c. 172, that the school committee "shall determine the rules of its proceedings" did not give them authority to make a rule repugnant to another provision of § 29 that the "mayor may be present at all sessions of the school committee, and when present he may . . . preside . . .."

PETITION, filed in the Superior Court on June 9, 1944, for a writ of mandamus.

The case was heard by *Forte*, J.

*J. E. Henchey*, for the respondents.

*J. Gorrasi*, for the petitioner, submitted a brief.

DOLAN, J. This petition for a writ of mandamus, by which the mayor of the city of Woburn seeks to compel the members of its school committee to recognize his right to preside over its meetings when he is present and offers

to preside, and to restrain them from preventing him from doing so, comes before us on the appeal of the respondents from the judgment entered that the writ issue commanding the respondents to recognize the petitioner as presiding officer whenever he is present at a meeting of the school committee and offers to preside.

The case was heard upon statements by counsel for the parties of undisputed facts. That being so, the judge could take those facts as agreed for the purpose of the hearing and decide the case accordingly. They stand in the place of evidence. *Dwyer* v. *Dwyer*, 239 Mass. 188, 190. They may be summed up as follows. The petitioner, hereinafter referred to as the mayor, has always been notified of the meetings of the school committee, hereinafter referred to as the committee. In January, 1944, the committee organized and elected the respondent Gilgun as chairman. The mayor did not attend any of the meetings of the committee until March 27, 1944. He was present at its meeting on that date and informed the committee and the chairman that he desired to preside, but the chairman and the members of the committee refused to permit him to do so. He also attended its meetings on April 24, May 1, May 4 and May 31. At these meetings he requested that he be allowed to preside, but to no avail.

Section 29 of the charter of the city of Woburn (St. 1897, c. 172) provides as follows: "The school committee shall meet on the first Monday in January in each year, and shall at such meeting, or as soon thereafter as may be, choose by ballot a chairman from among its members, and the votes of a majority of all the members of the school committee shall be required in order to elect. The mayor may be present at all sessions of the school committee, and when present he may participate in the discussions and may preside, but shall have no right to vote." The respondents, however, seek to justify their action under the provision of one of the rules adopted by the committee (c. 1, § 2) which provides that "The chairman shall preside at all meetings and appoint all committees not otherwise provided for."

The respondents contend that they had authority to make this rule and to uphold it by refusing to allow the mayor to preside because the provision of § 29 is in terms that the mayor may, not shall, preside over its meetings. We agree that the provisions of § 29 of the charter that the mayor "may be present at all sessions of the school committee, and when present he may participate in the discussions and may preside," are not mandatory in the sense that the mayor shall be present, and when present shall take part in the discussions and shall preside, but we are of opinion that the privileges accorded to him by § 29 when present may not be abrogated by any rule of the school committee. There is nothing ambiguous about the language of § 29. It is apparent from its terms that the Legislature had in mind that the mayor might not always be present, and that the clear intention was that when present he could exercise at will the privileges conferred upon him by the statute, and that the decision was to rest solely with him. In the exercise of these privileges he requires no permission from the committee. That the Legislature intended this provision to be binding upon the committee is evidenced by the fact that these privileges were conferred upon the mayor by § 29 following a provision therein that the committee "shall . . . choose by ballot a chairman from among its members . . .." It would be unreasonable to suppose that by the subsequent privileges granted to the mayor to attend and preside at the meetings it was not intended that, in the event that he saw fit to do so, he should supersede the chairman as presiding officer. The contentions of the respondents followed to their logical conclusion would bring about the result that the mayor could not as of right attend the sessions of the committee or participate in the discussions. No extended citation of authorities is needed to support the proposition that the committee may not make rules repugnant to the statutes which confer their powers upon them and that rules so made are void. See *Commonwealth* v. *Allen*, 128 Mass. 308; *Cox* v. *Segee*, 206 Mass. 380, 381, and cases cited; *Commonwealth* v. *Baronas*, 285 Mass. 321, 322. The provision in § 29 that the com-

mittee shall determine the rules of its proceedings[1] does not confer upon them authority to make rules repugnant to the statute read as a whole.

In so far as the rule in question might be susceptible of the construction that the chairman of the committee shall preside at all meetings, notwithstanding that the mayor is present and demands that he be allowed to exercise his privilege of presiding as provided in § 29 of the charter, the rule would be void as repugnant to the statute under which the committee derives its powers. Reading the rule, however, in the light of the provisions of the city charter, we think that its true construction is that the chairman shall preside at all meetings of the committee when the mayor does not attend and exercise his privilege of presiding under the charter.

*Judgment affirmed.*

---

[1] This provision followed the portion of § 29 quoted *supra*, page 437, and was as follows: "The committee shall be the judge of the election and qualifications of its members and shall determine the rules of its proceedings." — REPORTER.