MEDFORD RED CAB, INC. *vs.* HELEN G. DUNCAN & another.

Middlesex.   December 7, 1960. — February 3, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Practice, Civil,* Vacation of judgment.

The meritorious defence to an action required to be shown in support of a petition by the defendant therein to vacate a judgment against him must be a defence worthy of trial but need not be one certain of success.   [709–710]

A taxicab company seeking to vacate a judgment entered against it by default in an action for personal injuries by a passenger in its taxicab had a meritorious defence to the action where it appeared that on a trial thereof there would be conflicting evidence whether the door of the taxicab closed on the passenger's thumb as she was alighting from the taxicab when it was stopped on an incline or whether she refused the operator's assistance and herself closed the door on her thumb.   [710]

PETITION filed in the Superior Court on February 2, 1959.

The case was heard by *Gourdin,* J.

*Joseph G. Schumb,* (*George Belli, Jr., & Stanley M. Epstein* with him,) for the petitioner.

*Thomas D. Kenna, Jr., & Sumner S. Fanger* for the respondents, submitted a brief.

WILKINS, C.J.   This is a petition to vacate a judgment entered by default in the Superior Court in an action of tort in which the respondents (husband and wife) were plaintiffs and the petitioner was defendant.   G. L. (Ter. Ed.) c. 250, § 15.   The petition was denied, and the case is here on the petitioner's exceptions.

The petition makes these allegations.   The writ was dated August 1, 1958, and was returnable in the First Dis-

trict Court of Eastern Middlesex on August 30, 1958, and was removed by the plaintiffs (the respondents)' to the Superior Court. The petitioner was served with a summons, which was mailed to the Commercial Insurance Company of Newark, New Jersey, but was never received by them. The plaintiffs (the respondents) never gave notice to the insurance company which under G. L. c. 90 insured the vehicle alleged to have been in the accident, and notice is required by G. L. (Ter. Ed.) c. 231, § 58A, before damages can be assessed. The insurance company and its attorneys had no knowledge that the case was marked for the assessment of damages. On November 5, 1958, damages were assessed. Judgment was entered; and execution issued, which has not been satisfied in whole or in part. The petitioner has a meritorious defence.

The bill of exceptions recites, "The petition came on for hearing before this court and it was agreed and understood that the representations of counsel for the respective parties would be and it was accepted by the court as evidence without the need of witnesses testifying thereto." The bill of exceptions contains what purport to be recitals of evidence without expressly indicating by whom the so called evidence was offered. This makes it impossible, for the most part, to tell by what evidence the respective parties are bound. *Duff* v. *Webster,* 315 Mass. 102, 103. The case has been argued very much as if the part of the case, at least, relating to communications to the insurance company, had been stated by way of stipulation as to their correctness. This procedure, however, is not open on statements of counsel made merely as evidence.

The petitioner presented three requests for rulings which were not acted upon, and were, therefore, denied. *Margolis* v. *Margolis,* 338 Mass. 416, 417, and cases cited.

The second request was, "The petitioner has a meritorious defence to the original action brought by the respondents against the petitioner." This was a fundamental part of the petitioner's case. *Russell* v. *Foley,* 278 Mass. 145, 148. *Herlihy* v. *Kane,* 310 Mass. 457, 460. It means a de-

fence worthy of presentation, not one which is sure of success. *Anderson* v. *Goodman, ante,* page 704. It clearly appears without dispute in the bill of exceptions that the female respondent was a passenger in the petitioner's taxicab; that in alighting she was injured; and that there was a conflict of evidence as to whether the door closed on her thumb when the taxicab was stopped on an incline, or whether she refused the operator's assistance, and herself closed the door on her thumb. This obviously was a meritorious defence. The second request should have been granted.

In the state of the record we do not attempt to indicate any views which might be helpful at another hearing.

*Exceptions sustained.*