JAMES I. MEDE *vs.* THOMAS J. COLBERT, executor.

Suffolk. February 8, 1961. — March 3, 1961.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Practice, Civil,* Vacation of judgment, Statements of counsel, Waiver.

A petition under G. L. (Ter. Ed.) c. 250, § 15, to vacate a judgment in an action does not require an answer by the respondent. [167]

Where a petition under G. L. (Ter. Ed.) c. 250, § 15, to vacate a judgment in an action was heard only upon unsworn statements of counsel for each party, the statements constituted the evidence, and a party whose counsel participated in the hearing without objection waived any right to contend subsequently that the procedure was irregular. [167]

The requirement that the petitioner in a proceeding under G. L. (Ter. Ed.) c. 250, § 15, to vacate a judgment dismissing an action brought by him must show that he had a meritorious case was not satisfied by the mere fact that the action was on a promissory note. [169]

It was not a sound exercise of judicial discretion to allow a petition under G. L. (Ter. Ed.) c. 250, § 15, to vacate a judgment entered under Rule 85 of the Superior Court (1954) dismissing an action on the day following the expiration of one year after it had been marked inactive where it appeared that, although a motion by the petitioner to restore the action to the trial list and for a speedy trial had been allowed about six months after it was marked inactive and he believed through "in-

advertence and error in legal procedure" that it would come on for trial immediately, it had not been tried or heard on the merits or disposed of within such year and the petitioner did not discover that it had been dismissed until nearly a year after the judgment.  [169]

PETITION to vacate judgment, filed in the Superior Court on May 23, 1960.

The petition was heard by *J. V. Sullivan, J.*

*Gael Mahony,* for the respondent.

*John J. Riley,* for the petitioner.

WILKINS, C.J.  This is a petition to vacate a judgment of dismissal under Rule 85 of the Superior Court (1954) in an action of contract on a promissory note in which the petitioner was the plaintiff and the respondent's testate, Paul Bowser, was the defendant.  There was no answer to the petition, and none was required in a proceeding brought, as was this, pursuant to G. L. (Ter. Ed.) c. 250, § 15. *Thomajanian* v. *Odabshian,* 272 Mass. 19, 23.  *Lynch* v. *Springfield Safe Deposit & Trust Co.* 300 Mass. 14, 15. The petition was heard upon unsworn statements of counsel for each party.  These must be taken to constitute the evidence in the case.  *Dwyer* v. *Dwyer,* 239 Mass. 188, 190. *Kane* v. *School Comm. of Woburn,* 317 Mass. 436, 437. *Harper* v. *Harper,* 329 Mass. 85, 88.  See *Medford Red Cab, Inc.* v. *Duncan,* 341 Mass. 708, 709.  It was too late for the respondent to try to take advantage of any supposed defect in this procedure, which was carried through without objection, by a subsequent request for a ruling.  *Maker* v. *Bouthier,* 242 Mass. 20, 23–24.  *Mellet* v. *Swan,* 269 Mass. 173, 175.  The judge, without passing upon, and thereby denying, the respondent's requests for rulings (*Medford Red Cab, Inc.* v. *Duncan, supra,* 708, 709), entered an order granting the petition, and the respondent excepted.

The original action was by writ dated July 18, 1953, and was returnable and entered on September 8, 1953.  The declaration was in one count on a witnessed promissory note dated March 15, 1948, payable upon demand to the order of the plaintiff.  The answer was a general denial and set up payment and an accord and satisfaction.  There was a declaration in set-off.

We summarize the allegations of the petition. On August 1, 1958, the plaintiff received notice that the action had been marked inactive under Rule 85. "[U]pon receipt of this notice,[1] the plaintiff made a motion to restore this matter to the trial list and for a speedy trial." The motion was allowed on November 25, 1958. Through "inadvertence and error in legal procedure," the plaintiff believed that the case would come on for trial in the immediate future. On May 13, 1960, the plaintiff by examining the docket discovered that the case had been dismissed under Rule 85, and had gone to judgment on June 4, 1959. The plaintiff was of the opinion that the allowance of his motion had removed the case from the operation of Rule 85. His substantial rights have been lost through "inadvertence and ignorance of legal procedure." He believes he has a "good" cause of action.

At the hearing the petitioner's counsel stated that he had represented the plaintiff in the action, and corroborated the allegations of the petition except that nothing was said as to there being a meritorious cause of action. The respondent's counsel stated the dates of the writ; entry of the action; various interlocutory matters down to January 31, 1955; the case being placed on the nontriable docket on June 29, 1956; its being marked inactive under Rule 85 on June 3, 1958; and the judgment of dismissal on June 4, 1959.

Rule 85, so far as material, provides: "On the Tuesday after the first Monday of June in each year, every case which has remained upon the docket for three years preceding, without action shown upon the docket, other than placing on the trial list, marking for trial, being set down for trial [and certain exceptions here immaterial] . . . shall be marked inactive by the clerk. The clerk shall give notice thereof to every party, not later than the Tuesday after the first Monday of September next following. If within one year after a case has been marked inactive it has not been tried or heard on the merits or disposed of, it

---

[1] The original papers show the precise date to have been October 27, 1958.

shall, unless the court shall otherwise order, be dismissed, and judgment or decree of dismissal shall be entered by the clerk without further notice or order, on the day next following the expiration of said one year.''

The granting of the petition rests largely, but not exclusively, in the sound discretion of the judge. *Russell* v. *Foley,* 278 Mass. 145, 148. *Herlihy* v. *Kane,* 310 Mass. 457, 459. *Hackney* v. *Butler,* 339 Mass. 605, 609. *Anderson* v. *Goodman,* 341 Mass. 704, 705. The mere fact that the action was on a promissory note was not enough to dispense with the requirement that the petitioner show that he had a meritorious case. This alone would require that the exceptions be sustained. *Medford Red Cab, Inc.* v. *Duncan,* 341 Mass. 708, 709, and cases cited.

But the order was erroneous in another respect which requires that the petition be dismissed altogether. The proceeding is merely an attempt to evade the plain meaning of Rule 85. No reasonable reading of its provisions could justify the supposition that the allowance of a motion to place the case upon the trial list would affect the operation of the rule. After the motion was allowed on November 25, 1958, there remained six months in which to act before dismissal became mandatory on June 4, 1959. Not only was nothing done, but it was not until May 13, 1960, which was between eleven and twelve months after dismissal, that it was discovered that the action had been dismissed. A petition to vacate judgment does not exist for the excusing of conduct so lacking in diligence. *Alpert* v. *Mercury Publishing Co.* 272 Mass. 43, 45. *Russell* v. *Foley,* 278 Mass. 145, 148. *Hackney* v. *Butler,* 339 Mass. 605, 609. See *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 268 Mass. 424, 426–427; *Kravetz* v. *Lipofsky,* 294 Mass. 80, 83.

*Exceptions sustained.*
*Petition dismissed.*