ALFRED AMOLINS *vs.* JOHN A. LUBANS. January 8, 1964. Appeal dismissed. The appellee has moved to dismiss this appeal (see G. L. [Ter. Ed.] c. 231, § 96) from the denial of the appellant's substitute petition to vacate a judgment (see G. L. c. 250, § 15) in the Superior Court. No matter reviewable under § 96 is presented by the appeal. In particular, no error of law apparent on the record is disclosed. There is no occasion for considering whether the contentions which the appellant seeks to present would have merit if properly before us upon a bill of exceptions. Cf. *Russell* v. *Foley*, 278 Mass. 145, 148; *Mede* v. *Colbert*, 342 Mass. 166, 169.

*M. Mark Klein* for the appellee.

*Benjamin T. Johnson* for the appellant.

HERBERT LORD *vs.* CHAIRMAN OF THE SCHOOL COMMITTEE OF WINCHESTER & others. January 29, 1964. Exceptions overruled. Mr. Lord filed a petition for a writ of mandamus against various officers of the Winchester school system to compel the chairman of the school committee "through" the superintendent of schools to recover certain extra compensation theretofore paid to school teachers holding the degree of master of arts or doctor of philosophy. He also seeks relief, not fully defined, against the town treasurer with respect to future payments of such compensation. A justice of the Superior Court was warranted in refusing, as matter of discretion, an order of notice. This action could reasonably have been based upon the irregular form of the petition, without more. See *Garden Homes, Inc.* v. *District Court of Somerville*, 336 Mass. 432, 434, and cases cited. We do not suggest, however, that there would be merit in Mr. Lord's contentions upon a more precise petition. See G. L. c. 71, §§ 37, 38 (as amended through St. 1960, c. 333, § 2), 38G (as amended through St. 1960, c. 333, § 1); *Attorney Gen.* v. *Ware*, 328 Mass. 18, 20.

*Herbert Lord*, pro se.

No argument or brief for the respondents.

HAROLD M. FULLER *vs.* METROPOLITAN TRANSIT AUTHORITY. January 29, 1964. Exceptions overruled. The evidence most favorable to the plaintiff is that at 6:15 P.M. on a cold and windy day during a heavy snow storm he entered the defendant's Devonshire Street station in Boston, descended the steps while holding onto the right handrail, and had reached the third or fourth step from the bottom when he stepped on an object which felt like "half a hard rubber ball," but appeared to be ice under snow. He fell and was injured. After a verdict for the plaintiff, the judge under leave reserved entered a verdict for the defendant. There was no error. Whatever the substance may have been, there was no evidence that it had been on the step long enough so that the employees of the defendant, in the exercise of reasonable care, should have discovered it and removed it. *Reardon* v. *Boston Elev. Ry.* 311 Mass. 228, 230, and cases cited.

*Richard I. Gottlieb*, for the plaintiff, submitted a brief.

*Charles F. Choate* for the defendant.