JOHN COADY *vs.* HOWE & FRENCH, INC. November 30, 1967. The plaintiff
in this action of tort had driven a truck to the defendant's warehouse to de-
liver drums containing alcohol and lacquer solvents and, while on his truck
assisting the defendant's employee in unloading them, allegedly sustained
injuries to his hands which were covered with a mist-like spray. There was
evidence that this emanated from a five gallon can of perchloroethylene which
had been struck by the forklift truck on which the defendant's employee was
engaged in removing drums from the plaintiff's truck. The defendant has
excepted to the denial of its motion for a directed verdict, to the admission of
certain expert medical testimony, and to a portion of the trial judge's charge.
Since this last exception was not argued in the defendant's brief, we do not
pass upon it. S. J. C. Rule 1.13, 351 Mass. 738. There was evidence suffi-
cient to warrant sending the case to the jury. Testimony from the defen-
dant's employees indicated that striking of cans was not unprecedented or un-
usual and was to be anticipated by one exercising reasonable care. *West* v.
*Molders Foundry Co. Inc.* 342 Mass. 8, 12–13. The medical expert, a specialist
in allergic dermatology, in testimony not objected to, named the spray as "the
competent producing cause" of the skin damage which the plaintiff suffered.
On the assumption that any prior medical testimony was erroneously ad-
mitted, such admission was therefore harmless error. Nor was there any
contributory negligence on the part of the plaintiff. The precautions which
he took and the self-treatment he administered before seeking medical aid
were reasonable in the face of his lack of knowledge of the potential injury
which faced him.
*Exceptions overruled.*

*Alfred Sigel* for the defendant.
*Francis X. Carroll* for the plaintiff.

ATHOS V. LONGO *vs.* METROPOLITAN DISTRICT COMMISSION. November 30,
1967. The petitioner brought a petition under G. L. c. 258, and c. 92, § 36,
to recover damages resulting from an alleged defect in a boulevard under the
control of the respondent. During the trial the case was settled and an agree-
ment for judgment was signed by the petitioner and his attorney. Following
this a "certificate of judgment [was] issued" in accordance with the agree-
ment. Subsequently, the petitioner filed a "motion to vacate judgment,"
which we treat as a petition to vacate judgment. After a hearing the "mo-
tion" was denied and the petitioner filed this "appeal to a motion denied."
This case is not properly before us on appeal. *Waltham Bleachery & Dye Works*
v. *Clark-Rice Corp.* 274 Mass. 488, 490. *Amolins* v. *Lubans,* 346 Mass. 782.
Furthermore there is nothing in the record to indicate any abuse of dis-
cretion in the denial of the "motion."
*Appeal dismissed.*

*Athos V. Longo,* pro se.
*Samuel W. Gaffer,* Assistant Attorney General, for the respondent.