**Michael W. HAYES**
vs.
**M. Dolores DUNPHY, et al[1]**

**No. 318**

District Court/Norfolk, ss.
Appellate Division/Southern District
Trial Court of the
Commonwealth of Massachusetts

**January 12, 1983**

[1] The other defendant is the Puritan Life Insurance Company.

Ronald E. Lustig, Esq., counsel for plaintiff.

Bruce W. Carroll, Esq., counsel for defendant.

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Southern District sitting at Orleans upon Report from the District Court Department, Quincy Division and it is found and decided that there was prejudicial error.

It is hereby

ORDERED: That the Clerk of the District Court Department, Quincy Division make the following entry in said case on the docket of said Court, namely: ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT VACATED; DEFAULT JUDGMENT AGAINST M. DOLORES DUNPHY IS SET ASIDE AND CASE RETURNED TO TRIAL COURT FOR TRIAL ON THE MERITS.

Date: January 12, 1983

Robert A. Welsh, Jr., Presiding Justice
Richard O. Staff, Justice
Charles E. Black, Justice

Opinion filed herewith.

Patricia D. Minotti, Clerk

## OPINION

Welsh, J. This is a civil action based upon an account annexed for money had and received. The complaint alleges, in substance, that the defendant, Dolores Dunphy received payments from the Puritan Life Insurance Company for the benefit of the plaintiff and another beneficiary[2] in her capacity as trustee and converted the proceeds to her own use; that the amount so converted is $2,976.47 and that the plaintiff is entitled to judgment in said amount with interest from the date of said conversion.

No answer or other responsive pleading was filed. A default and default judgment was entered in the sum of $4,699.22 including interest and costs.[3]

The judgment was entered on April 15, 1980. Execution thereon was issued April 28, 1980. Motion ''To Remove Judgment'' was filed by the defendant on July 30, 1980. This motion was denied on September 12, 1980 and counsel fees of $350.00 were awarded the plaintiff.[4] On October 2, 1980, the defendant retained a new attorney who filed a motion for relief from judgment. This motion was denied February 2, 1981. The question reported is the propriety of the denial of the motion for relief from judgment.

1. The first issue raised by the report is the question of subject matter jurisdiction. The defendant contends that this controversy arises out of the administration of a trust, and, as such, is within the exclusive province of a court possessing general equity jurisdiction. Since, as the argument proceeds, the district court does not have general equity jurisdiction, the judgment is void by reason of lack of subject matter jurisdiction. It is true that as a general rule the control of trusts and trustees is a well recognized basis of general equity jurisdiction. Rice v. Merrill, 215 Mass. 419, 424 (1913). Relief may be had only in equity, for example, where a trustee comingles trust funds with his own without the knowledge of the beneficiary. Taft v. Stow, 174, Mass. 171, 173-174 (1899). Yet, it is not necessarily fatal to the maintenance of an action at law for money had and received, if it is made to appear that the party could have maintained a suit in equity for termination of the trust or for an accounting. Flye v. Hall, 224 Mass. 528, 529 (1916); cf. Boston v. Santosuosso, 298 Mass. 175, 180 (1937). No valid objection exists to the maintenance of an action at law if the trust is terminated.

---

[2] No question was raised as to whether the other beneficiary ought to have been joined as a necessary party.

[3] Rule 54(b), Mass. R. Civ. P., authorizes the court to direct the entry of final judgment as to fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. The docket does not indicate that such a determination was made. The case remains open as to the Puritan Life Insurance Company.

[4] The authority to award counsel fees in this circumstance is unclear.

**Cunniff v. McDonnell,** 196 Mass. 7, 10-11 (1907). The Court stated in **Johnson v. Johnson,** 120 Mass. 465 (1876) the following:

"It is well settled that a **cestui que trust** cannot bring an action at law against a trustee to recover for money had and received while the trust is still open; but when the trust has been closed and settled, the amount due the **cestui que trust** established and made certain, and nothing remains to be done but to pay over money, such an action may be maintained." **Id,** at 466.

The present action seeks to recover monies paid by the Puritan Life Insurance Company to the defendant under the terms of a settlement option providing for payments of interest on $10,000.00 and guaranteed monthly installments of $100.00. The amount paid and disbursed is readily ascertainable by examination of the complaint. This is not a case in which part of the trust estate was wrongly transferred into the hands of a third party. Nor does it appear that the funds were used by the trustee to acquire other assets. There is nothing that remains to be done except for the payment of money. See **Buttrick v. King,** 7 Metc. (48 Mass) 20, 23 (1843); **Sewall v. Patch,** 132 Mass. 326, 329 (1882). We conclude that the present action at law may be maintained and that the District Courts have subject matter jurisdiction.

2. Taking into account the considerable deference traditionally accorded by appellate courts to the determinations of the motion judge in acting upon a motion for relief from judgment, we conclude that the motion ought to have been allowed. This is one of those cases in which we must decide whether and to what extent consequences of the neglect of the defendant's prior counsel should be visited upon the defendant herself. The record in this case indicates that the defendant promptly retained an attorney to represent her interests in the case. The uncontradicted affidavit of the defendant in support of the second motion for relief from judgment states that immediately upon the receipt of a copy of the complaint and summons, she delivered the process to her then attorney who told her he would attend to the matter and take the necessary steps to protect her rights. Notwithstanding such assurances, no answer or other responsive pleading was ever filed.

On or about May 9, 1980, the defendant received notice that judgment had entered against her and that a supplementary process hearing was to be held on August 12, 1980. Immediately upon receipt of the notice, she contacted her then attorney and again received his assurances that he would take care of it and that she had nothing to worry about. On July 30, 1980,[5] her then attorney filed a motion to remove (sic) judgment and requested a hearing on the motion for August 11, 1980. He failed to file any affidavits or other material to demonstrate the grounds for the motion or the existence of a meritorious defense. The motion was heard on September 12, 1980. The defendant was advised that she need not attend and did not attend the hearing. The defendant's then counsel was granted leave by the court to file supporting affidavits late, but failed to do so. The motion was denied. On October 2, 1980, the defendant's present counsel filed a motion for relief from judgment with supporting affidavits. This motion was denied February 2, 1981. Throughout this entire scenario, the defendant repeatedly tried to contact her then attorney by telephone, but to no avail.

Clearly, the pattern emerges of a litigant who was neither lax nor dilatory, who suffered the consequence of a judgment by default due to the apparent lack of diligence by her retained counsel. She was certainly not unreasonable in placing reliance upon the assurances of her counsel that he would take care of the

[5] The affidavit in support of the motion states that the motion to remove judgment was filed on July 14, 1980. The docket entries show that this motion was filed on July 30, 1980.

matter for her. There has been no showing of prejudice to the plaintiff by the allowance of a motion for relief from judgment. Granted that sloppiness in pleading and the disregard of the Rules of Civil Procedure are not to be condoned, it is difficult to see how the administration of justice would be fostered by denying such a defendant her day in court. As observed earlier, the matter remains open as to one of the defendants. Surely the matter can proceed to a just determination after a hearing on the merits without undue inconvenience to anyone. The case of **Mullen Lumber Company, Inc. v. F. P. Associates, Inc.**, Mass. App. Ct. Adv. Sh. (1981) 869 is instructive.

The defendant's affidavit reveals that she might well have a meritorious defense to all or part of the claim against her. As was observed in the case of **Medford Red Cab, Inc. v. Duncan,** 341 Mass. 708, 709-710 (1961), it is not necessary to demonstrate that the defense proposed will perforce succeed; it is sufficient to present a cause worthy of judicial investigation. The defense proposed meets this criteria.

A final note: We have in this instance elected to deal with this appeal on the merits notwithstanding the fact that no final judgment has entered in the case and no permission for a separate judgment was granted. In the circumstances, it would be futile to require the appellant to abide the determination of the matter as to the other defendant, before bringing before this division her grievance that the motion for relief from judgment ought to have been granted. The action we take will facilitate a single trial on the merits as to both defendants, rather than two separate trials as would have been necessary had the present appeal been prosecuted after judgment in the claim against Puritan Life Insurance Company. We continue to hold that piecemeal review is not to be encouraged, save in those well-defined exceptions permitting interlocutory review.

The order denying the motion for relief from judgment is vacated. The default judgment against M. Dolores Dunphy is set aside and the case returned to the trial court for trial on the merits.

SO ORDERED

Robert A. Welsh, Jr., P.J.
Richard O. Staff, J.
Charles E. Black, J.